### Izard County *v.* Williamson.

#### Opinion delivered March 13, 1916.

Counties—public building—commissioners—compensation.—An order of a county court appointing an assistant commissioner of public buildings, where a commissioner has already been appointed, and an order making the former an allowance for his services, are *ultra vires* and void. More than one commissioner might have been appointed, but the compensation allowed can be a reasonable one for only one person. Kirby's Digest, § 1012 and § 1024.

Appeal from Izard Circuit Court; *Z. M. Horton,* Special Judge; reversed.

*Bradshaw, Rhoton & Helm,* for appellant.

1. The county court had authority to call in and cancel the warrants. See authorities cited in *Izard Co.* v. *Vincennes Bridge Co.,* 122 Ark. 122 Ark. 557.

2. Only one building commissioner is allowed by law; and certainly compensation could not be allowed to two separately. The allowance to Williamson is void for want of authority either in the county or circuit court. Kirby's Digest, § § 1012, 1024; 68 Ark. 347; 116 Ark. 65. Only one compensation to a commissioner can be paid for his services. 68 Ark. 347.

*McCaleb & Reeder,* for appellee.

1. The county court had jurisdiction to provide for the erection of a court house; to appoint commissioners, etc., and to provide compensation for same. Kirby's Digest, § § 1009, 1012, 1024. The orders and judgment thereon were valid and final unless set aside on appeal. No allowance should have been made to Wilson. Kirby's Dig., § 1024. More than one commissioner is allowed. 68 Ark. 340, 347.

2. If the compensation was excessive the only remedy is by appeal. The orders were not void. The county court may revoke the appointment of a commissioner at a subsequent term. 107 Ark. 298; 73 *Id.* 523. Mere irregularities or errors do not render the allowance void. *Ib.* The remedy is only by appeal. 93 Ark. 11; 102 *Id.* 277. The order was final. 96 *Id.* 427.

3. As to the power of the court to call in and cancel the warrants see Kirby's Dig., § 1179; 52 Ark. 502, and authorities cited in *Izard Co.* v. *Vincennes Bridge Co.,* 122 Ark. 557.

HART J. This is an appeal from the judgment of the circuit court denying the authority of the county court of Izard County to cancel certain warrants.

The county court of Izard County made an order calling in the county warrants of that county pursuant to section 1175 of Kirby's Digest for the purpose of cancellation and reissuance.

J. W. Williamson, appellee, presented to the county court five warrants in the sum of $200 each, issued on the 30th day of October, 1914. The county court entered an order cancelling the said warrants and stated that each of said warrants had been thoroughly examined by the court and found that none of the warrants was a just and legal evidence of indebtedness against said county. Williamson appealed to the circuit court.

The facts are that the county court made an order providing for the erection of a new court house. W. A. Wilson was appointed building commissioner. At a subsequent date, but prior to the erection of the building, the county court entered an order appointing J. W. Williamson as associate commissioner. The county court made an allowance to W. A. Wilson in the sum of $1,100 for his services. A separate order of allowance was made in favor of J. W. Williamson in the sum of $1,000.

The circuit court found that the warrants attempted to be cancelled were issued on orders of the county court on matters over which it had jurisdiction and that said orders had never been appealed from. The court held

that neither the county court nor the circuit court on appeal had any right or authority to cancel said warrants. From the judgment rendered, Izard County has duly prosecuted an appeal to this court.

Section 1011 of Kirby's Digest provides under what circumstances a county court may make an order for the erection of a court house.

Section 1012 provides that when such court shall have made an order for the erection of public buildings, it shall appoint some suitable person as commissioner of public buildings, who shall superintend the erection of the same.

Section 1024 provides that the commissioner of public buildings shall receive reasonable compensation for his services. It is the contention of counsel for Izard County that the county court had no authority to allow an associate commissioner compensation for services performed in superintending the erection of the building, and rely upon the case of *Hilliard* v. *Bunker*, 68 Ark. 340. Counsel for appellee rely on the same case and contend that under it the court might appoint two or more commissioners but that it might only allow a reasonable compensation for their services. They further contend that any error made by the court in the allowance of compensation should have been corrected by appeal and can not be inquired into in this proceeding.

In the case of *Monroe County* v. *Brown*, 118 Ark. 524, the court held that "the mere fact that the county court has erroneously allowed a claim for an excessive amount, does not call for reinvestigation and review in subsequent proceedings under the statute, but if fraud has been practiced in the allowance itself, the claim is an illegal one and the judgment may be inquired into and set aside."

The reasoning of the court for so holding was quoted in the opinion of *Izard County* v. *Vincennes Bridge Co.*, 122 Ark. 557, this day rendered, and need not be repeated here. As we have already seen, section 1012 Kirby's Digest, provides for the appointment of a commis-

sioner of public buildings when the county court has determined upon the expediency of erecting a new court house. It is true W. A. Wilson was not called by that precise title, and the order denominated him as building commissioner. It is evident, however, that he was appointed commissioner of public buildings under the statute and performed the services required of him by statute.

Williamson was denominated associate commissioner in the order appointing him. It is contended by his counsel that the name means nothing and that the court had a right to appoint more than one commissioner of public buildings.

In the case of *Hilliard* v. *Bunker,* 68 Ark. 340, the court said, "The objection that the county court appointed three (only two were appointed), instead of one, is abstractly correct, but it only goes to the compensation to be allowed the commissioners for services."

Under the authority of that case, the court might employ more than one commissioner but only one compensation could be allowed. In the case before us, compensation was allowed Wilson and Williamson separately. This the court had no authority to do. Wilson was first appointed as commissioner of public buildings. The Legislature provided for the appointment of such commissioner and imposed upon him certain duties. Such regulation of the Legislature was binding upon the county court and is exclusive of all other methods to be pursued by it. The making of the allowance to Williamson was *ultra vires* and the contract is void, and to pay him separately at an agreed price or upon a *quantum meruit* out of the public funds was beyond the authority of the county court. Under the statute the county court had authority to appoint a commissioner of public buildings and to allow him a reasonable compensation therefor. The court has construed the statute to mean that more than one commissioner may be appointed by the county court, but that the compensation allowed could be only a reasonable one for one person. The reason is that it is the spirit

of our laws to collect from the people only such an amount of money by taxation as may be allowed by law.

If the county court had allowed Williamson and Wilson compensation in one order and they had accepted it, the court could not be concerned about how they divided it, provided only a reasonable compensation for one person had been allowed. In the case before us a separate compensation was allowed to Williamson, and this the court had no authority to do, for it had already appointed a commisioner to superintend the erection of the court house and a fee was allowed him for that purpose.

It follows that the action of the court in making the allowance to Williamson was without its jurisdiction, and the county court was right in cancelling the warrants. Therefore, the judgment must be reversed and the cause will be remanded for further proceedings according to law, and not inconsistent with this opinion.

SMITH, J., dissents.