IZARD COUNTY *v.* BANK OF MELBOURNE.

Opinion delivered April 24, 1916.

1. COUNTIES—CALLING IN WARRANTS—TRIAL BY JURY.—A trial by jury is not provided for, when the county court issues an order calling in outstanding county warrants for reissuance or cancellation. On appeal to the circuit court the matter is heard *de novo*, in the same manner as is authorized in the county courts.

2. COUNTIES—CONTRACTS—ALLOWANCE OF CLAIMS.—A contract was let to construct a county courthouse, including a systetm of waterworks. The latter part of the contract was cancelled, and a contract for the waterworks was let to one H. *Held*, where the warrants issued in pursuance of said contract were called in for reissuance and cancellation, that on appeal to the circuit court, an order establishing the validity of such warrants would be sustained.

3. COUNTIES—COURT HOUSE—CONTRACT—CONSTRUCTION OF WATERWORKS. —Where the construction of a system of waterworks is a part of the construction of the county court, no previous appropriation of funds is necessary, although the contract for the same was let separately.

4. COUNTIES—ALLOWANCE OF CLAIMS—CLAIMS OF COUNTY JUDGE.—Claims allowed by the county judge to himself for expenses incurred by himself in the superintendence of the construction of a county courthouse, will be declared invalid.

5. COUNTIES—CLAIM OF COUNTY JUDGE.—A county judge is disqualified to allow any claim presented against the county, in which he is interested, except his own salary.

Appeal from Izard Circuit Court; *Z. M. Horton*, Special Judge; affirmed in part.

*Bradshaw, Rhoton & Helm,* for appellant; *E. B. Buchanan,* of counsel.

1. The court erred in refusing a trial by jury. Const. Art. 2, § 7, 4 Ark. 158; 8 *Id.* 436; 56 *Id.* 391; 75 *Id.* 443; 109 *Id.* 536; Const. Art. 7, § 33; Kirby's Digest, § 1492; 32 Ark. 552; 73 *Id.* 462; 26 Fed. Cases, 1024, 1030.

2. The trial court erred in its findings of fact, for the orders and judgments of the county court were conclusive and unimpeachable in this proceeding. 96 Ark. 433; 60 *Id.* 155; 27 *Id.* 202; 10 *Id.* 241; 92 *Id.* 299; 87 *Id.* 438; 93 *Id.* 237.

3. There was no appropriation for waterworks. Kirby's Digest, § 1502; 54 Ark. 645; 61 *Id.* 74; 103 *Id.* 468.

4. The script issued to the county judge by himself was invalid.

*McCaleb & Reeder,* for appellee.

1. No trial by jury was contemplated in these statutory proceedings to call in warrants for reissue. Kirby's Digest, § 1175, 1179; 52 Ark. 502; 43 *Id.* 553; 26 *Id.* 281; 32 *Id.* 17; 52 *Id.* 330; 105 *Id.* 594; 38 *Id.* 485.

2. The warrant was never issued to Wright & Co. The allowance was cancelled. The allowance to Hill was final, no fraud being shown.

3. No appropriation was necessary for the waterworks. 93 Ark. 11; Kirby's Digest, § 1020; 38 Ark. 557; 72 *Id.* 331.

4. The warrants issued to the county judge were not void. They were issued to pay for necessary expenses in building the court house. The court had jurisdiction to allow these expenses. 47 Ark. 80; 44 *Id.* 225; 26 *Id.* 461; 30 *Id.* 578. Mere irregularities must be corrected by appeal. 73 Ark. 523; 93 *Id.* 11; 102 *Id.* 277; 96 *Id.* 427. The judgment can not be attacked collaterally. 22 Ark. 595; 37 *Id.* 532; 39 *Id.* 485; 118 Ark. 524.

McCULLOCH, C. J. The county court of Izard County made an order, pursuant to terms of the statute, calling in the warrants of the county for re-issuance or cancellation, and the Bank of Melbourne in response to

the call presented certain warrants which it held as owner. Four of the warrants, aggregating the sum of $800, had been issued by the county court to M. F. Hill, and four others, aggregating the sum of $151, had been issued by the county court to P. C. Sherrill, who was county judge at the time the warrants were issued but who had been succeeded by the present incumbent who made the order calling in the warrants. The county court rendered a judgment cancelling all of the warrants just mentioned and the Bank of Melbourne appealed to the circuit court where the cause was heard and a judgment was rendered establishing the validity of said warrants and directing that they be re-issued to the present owners. From that judgment an appeal has been prosecuted by Izard County.

(1) It is contended in the first place that the court erred in denying the county the right of trial by jury. It is clear, though, that the right of trial by jury is not given in this class of cases where the county court is authorized to call in outstanding warrants, and when the warrants so called in are presented "it shall be the duty of said court thoroughly to examine the same, and to reject all such evidences of indebtedness as in their judgment their county is not justly and legally bound to pay." Kirby's Digest, section 1179. On appeal to the circuit court the matter is heard *de novo* in the same manner as is authorized in the county courts. Trial by jury is therefore not contemplated.

The four warrants issued to M. F. Hill, aggregating the sum of $800, were to cover the allowance of a claim in favor of that individual for the construction of a system of waterworks for the new court house. It appears that the plans for the court house contemplated a system of waterworks for the building, and the original contract was let as a part of the contract with L. R. Wright & Co. for the construction of the building, but subsequently a separate contract was made with M. F. Hill to construct the waterworks. The evidence shows that the original contract with L. R. Wright & Co. contained an item of

$2,500 for the construction of the waterworks, and that the contract with Hill was to construct the waterworks for the sum of $800.

(2-3) The contention is that the allowance to Hill was fraudulent and void because a previous allowance for the same item had been made to the original contractor, but the evidence in the case shows that the allowance made to the original contractor was cancelled and that no warrant was issued thereon, but that on the contrary a new contract was made with M. F. Hill, who constructed the waterworks and to whom the present warrants were issued.

In the recent case of *Monroe County* v. *Brown,* 118 Ark. 524, the power of the county court in proceedings of this sort was declared as follows: "The statute is not construed to mean that the county court is authorized to review former judgments of the court for mere errors in the allowance of claims, but they are authorized to reject claims which have been illegally or fraudulently issued. In other words, where the claim against the county was one which, under any evidence which might have been adduced, could not have been a valid claim against the county, or where the judgment of allowance was obtained by fraud, it may be set aside and warrants issued pursuant thereto cancelled." The same rule was announced in the more recent case of *Izard County* v. *Williamson,* 122 Ark. 596.

The county court had jurisdiction to hear and determine the claim of M. F. Hill, and, in the absence of fraud in the procurement of the allowance, the judgment is not open to collateral attack.

It is urged that the allowance is void because there was no appropriation, but it is sufficient answer to that contention to say that the construction of the waterworks was a part of the construction of the public building and no previous appropriation of funds was essential. *Sadler* v. *Craven,* 93 Ark. 11. There was no error in the judgment of the circuit court as to the re-issuance of the four warrants just referred to.

(4-5)   The other four warrants stand upon a different footing, and a determination of their validity is controlled by different principles.   They were issued by the county judge, who was sitting in the matter, to himself for expenses incurred in and about the superintendence of the construction of the court house.   One of the items was for money paid by the county judge personally to an engineer who was called to Melbourne for the purpose of giving advice with reference to the water supply, and the other warrants were for items of traveling expenses of the county judge in going to different places for the purpose of making purchases for the court house and furniture.   The evidence shows conclusively that the money was spent by the county judge in good faith and that it resulted in substantial benefit to the county in the way of reducing the cost of certain articles to be purchased.   The good faith of the county judge is fully established by the testimony, but that does not establish the validity of the allowances.   In the first place, there is no authority in the statutes for a county judge to expend money in that way, and in the second place there is no authority for the county judge to make allowances to himself.   In passing upon accounts presented against the county, the county judge acts judicially and he is disqualified on account of his interest in any claim presented.   Of course, the warrants issued for his own salary go by operation of law and are not void because the orders for the allowances are made by the county judge who is to draw the salary, but allowances covering other claims stand upon a different footing, and where the county judge is the claimant or interested in the claim he is disqualified to act in the matter.

The claim is on its face one which the county judge had no authority to make an allowance for, regardless of any evidence which was introduced, and therefore these items fall squarely within the rule announced by this court in the cases just cited, and as to them the judgment will be reversed and the cause remanded with directions to the circuit court to cancel the warrants and certify its judgment down to the county court.