MISSISSIPPI COUNTY *v.* GRIDER.

Opinion delivered December 4, 1916.

COUNTIES—CONSTRUCTION OF COUNTY COURT HOUSE—EMPLOYMENT OF ARCHITECT.—Where a county undertakes the erection of a county court house, it is proper for the county court to employ an architect, in addition to the commissioner, and to pay him a reasonable compensation.

Appeal from Mississippi Circuit Court, Osceola District; *W. J. Driver*, Judge; affirmed.

*Lamb & Rhodes*, for appellant.

The law of this case is Kirby's Digest, Ch. 35, §§ 1009-12-14-17 to 1024. While only one commissioner is authorized, the fact that three were appointed is not material, except that no additional compensation can be paid. 68 Ark. 340. Instead of performing the duties, they employed others to do so, and they were paid. To pay the commissioners would be double compensation. Gladish is not entitled to any pay for his services. Kirby's Digest, § 1486. The act of April 5, 1913, made no provision for paying the three commissioners.

Waddell did nothing, Grider but little and Gladish was not entitled to pay.

*J. T. Coston*, for appellees.

1.   Gladish was entitled to compensation after his term as county judge expired.   The court allowed a lump sum, and this court is not concerned about how it is to be divided.   122 Ark. 596.

2.   The services were rendered and the court, in the exercise of its best judgment allowed a lump sum. It is immaterial whether one or three commissioners get the amount.   The commissioners superintended and directed the work, hired an architect and let the contract, etc.   Kirby's Digest, § 1021; 74 N. W. 432; 28 N. E. 400; 1 So. 521; 96 U. S. 341; 72 Mich. 295; 107 Fed. 369; 7 Ill. 256; 2 N. E. 544; 66 N. W. 866; 19 Minn. 295.

2.   The allowance was reasonable and the court had jurisdiction.   98 Ark. 529.

SMITH, J.   This appeal is prosecuted to reverse a judgment in favor of appellees in which they were allowed the sum of one thousand dollars for services as courthouse commissioners.   Their appointment related originally to an order of the county court of Mississippi County made in 1911 in which S. L. Gladish, as county judge, appointed himself and the other appellees as commissioners.   They employed an architect to prepare plans for the building, and paid him $1,500 for that service.   In addition, they employed one Parlow as superintendent to supervise the construction of the building at a salary of $200 per month, and paid him for his services in this connection $3,400.   The commissioners advertised for bids for the construction of the building and let a contract for that purpose for $87,820. The testimony shows that the county received full value for this money, but it is somewhat conflicting as to the nature, character and extent of the services rendered by the commissioners themselves.   There is testimony, however, to sustain the finding that they exercised that

general supervision of the building in its construction, and in making various contracts relating thereto which commissioners acting as such are required under the statute to perform, and that they continued in the performance of these duties from the time of their original appointment until the final completion and acceptance of the building.

It is conceded that the appointment of Gladish by himself as a commissioner is void; but his term of office as judge expired on October 31, 1912, and he, with the other commissioners appointed by himself, were named as commissioners in Act No. 327, Acts 1913, page 1498, and there charged with the duty of constructing the courthouse at Osceola. The statutes of this State in regard to the building of courthouses contemplate the appointment of only one commissioner, and authority exists only for allowing compensation to one commissioner. The act of 1913 above mentioned amended this statute so far as it related to Mississippi County and provision was made for three commissioners in that county. It is true this special act made no provision for their compensation, but the general statute affords authority for that allowance. In the case of *Izard County* v. *Williamson*, 122 Ark. 596, it was said that, while more than one commissioner might have been appointed, the compensation allowed can be a reasonable one for only one person. And it was there also said that if the county court had allowed the two commissioners there appointed compensation in one order, and they had accepted it, the court could not be concerned about how they divided it, provided only a reasonable compensation for one person had been allowed. Here a single compensation was allowed in the sum of a thousand dollars to the three commissioners as such, and the order contains no direction as to the apportionment of the allowance among themselves.

The court was not, therefore, without jurisdiction to make the order of allowance, and it remains only to consider whether that allowance was excessive.

It is argued that a competent architect could have been secured to supervise the entire construction of the building, 'n addition to the preparation of the plans, for a less sum than that paid the architect for his plans and to Parlow for his supervision. This fact, if true, is not controlling here. The statute does not contain any express authority for the employment of an architect, but the commissioner is required under section 1017 of Kirby's Digest to prepare and submit to the county court a plan of the building to be erected, and there abides with that court a discretion in regard to the employment of an architect to assist in the preparation of these plans. The commissioner is not required to be an architect, yet the desirability, if not, indeed, the necessity, of the assistance of one is apparent when we consider the character of work involved in the construction of a courthouse.

Counsel, in effect, concede this, and also concede the right of the commissioners to employ Parlow; but it is said that the architect and Parlow did the work which the statute contemplates the commissioners should do, and that the present allowance results in double compensation for that service. This, however, is a question of fact which has been passed upon by the court below. There are certain duties which are nondelegable by the commissioners under the statute, and these, they say, they performed, and that such services were worth the allowance made. The court below so found, and as the evidence is legally sufficient to support that finding we must affirm the judgment to that effect.