BELL *v.* CONNER.

Opinion delivered March 5, 1928.

1. BRIDGES—NOTICE OF GRANT OF FRANCHISE.—A franchise to build a toll bridge, granted by the county court, was not void because no notice had been given thereof, since Crawford & Moses' Dig., § 10255, under which the court acted, does not require that notice be given.

2. BRIDGES—GRANT OF FRANCHISE—REVIEW ON CERTIORARI.—The fact that property owners, informed of the proceeding, might have become parties and appealed from the county court's order granting the franchise to build a toll bridge, did not preclude the right to review the county court's order on certiorari.

3. BRIDGES—VALIDITY OF GRANT OF FRANCHISE.—In a proceeding by certiorari, the county court's order and judgment granting a franchise to build a toll bridge under Crawford & Moses' Dig., § 10255, could not be *held* void where its invalidity did not appear from the face of the proceedings.

4. BRIDGES—INVALID FRANCHISE—REMEDY.—Where the invalidity of a county court's judgment granting the franchise to build a toll bridge did not appear from the face of the record in certiorari proceedings, the remedy of property owners was to institute proper proceeding to cancel the franchise in question.

Appeal from Woodruff Circuit Court, Northern District; *W. D. Davenport,* Judge; writ quashed.

*Hughes & Davis,* for appellant.

*J. F. Summers,* for appellee.

SMITH, J. Appellees, who are citizens and taxpayers of Woodruff County, sued out a writ of certiorari from the circuit court of Woodruff County to quash the order and judgment of the county court of that county granting to Alvin Bell a franchise to build a toll bridge over White River near Augusta, in Woodruff County.

It appears, from the record in this case thus reviewed, that on January 4, 1926, Alvin Bell filed in the Woodruff County Court a petition praying the court to grant him a franchise to build a toll bridge over the White River near Augusta, in that county, and the prayer of the petition was granted on that date, and that on the same date Bell formally accepted the franchise granted.

Upon the final hearing before the circuit court it was held that the order and judgment of the county court granting the franchise was void, and the judgment of the county court was quashed, and Bell has appealed.

At the hearing in the court below, testimony was offered to the effect that the county court had, at its January term, 1925, granted a franchise to R. L. Gaster substantially identical with the one granted a year later to Bell. The location of the bridge was the same in each instance, and each franchise provided that it should "be exclusive for a distance of ten miles on each side of said bridge, measured along the channel of said river," and that the county court should not "hereafter, during the life of this franchise, grant to any person, partnership, company, corporation, or association, any right, privilege, franchise or license to construct, maintain or operate another bridge or ferry across White River within said limits."

In the judgment granting a franchise to Bell it was provided that the franchise should be void and of no effect "if R. L. Gaster, who has a franchise for the construction of this toll bridge under an order of this court granted on the 27th day of January, 1925, complies in full with the ninth paragraph of said franchise, which is as follows: 'Ninth. The said R. L. Gaster, his successors or assigns, shall begin on actual work of construction within fifteen calendar months from the date of the acceptance of this franchise, and the said bridge shall be completed within three years from the beginning of actual work of construction, but the time of the completion of said construction shall be extended on showing to the court by the said R. L. Gaster, his successors or assigns, of reasonable cause for extension of time'."

It was also made to appear from the oral testimony heard by the court below that Bell was a son-in-law of the county judge.

It is first insisted that the franchise granted Bell is void because it appears, from the face of the record, that no notice thereof was given. This contention may be

answered by stating that § 10255, C. & M. Digest, under which the court acted, does not require, as a condition precedent to the exercise of this jurisdiction, that notice must be given.

It is further insisted by petitioners that the franchise granted Bell is void for the reason that it conflicts with the previous franchise granted Gaster, which had not then expired, as the fifteen months had not elapsed within which Gaster might begin the actual work of construction allowed for that purpose by the franchise granted him. The case of *Ratcliffe* v. *Pulaski Turnpike Co.*, 69 Ark. 264, 63 S. W. 70, appears to support this contention.

It is also insisted that the franchise granted Bell was void for the reason that the court was without jurisdiction to make the order, on account of the relation by affinity existing between the judge of the court and the petitioner, and the case of *Izard County* v. *Bank of Melbourne*, 123 Ark. 458, 185 S. W. 794, is cited in support of that contention, it having been there held that a county judge is disqualified to allow any claim presented against the county in which he is interested, except his own salary.

It is further insisted that the franchise is void as being unreasonable and unilateral, and, further, that the State Highway Commission has the authority from the Federal Government to erect a bridge at the site in question, which permit would exclude another from doing so, and also that the bridge in question is a part of the State Highway system, over which the county court has no jurisdiction. The cases of *Fulton Ferry & Bridge Co.* v. *Blackwood*, 173 Ark. 645, 293 S. W. 2, and *Conner* v. *Blackwood, ante,* p. 139, are cited in support of the last stated contentions.

It is insisted by appellant that petitioners should have appealed from the order of the county court, and. that, as they had a remedy by appeal, they cannot now proceed by certiorari to review the order of the county court.

It has already been stated that no notice of the court proceeding was given or required, and, while a property owner who was advised of the proceeding might have become a party and have appealed within the time allowed by law for that purpose, the existence of this remedy does not preclude the right to review the order of the county court on certiorari. But, in a proceeding by certiorari, the validity of the order and judgment of the county court must be tested and determined by an inspection of the record in that case, and such order and judgment will not be held void on a certiorari proceeding unless the invalidity thereof appears from the face of the proceedings. *Cazort* v. *Road Imp. Dist. No. 3,* 175 Ark. 570, 299 S. W. 1014, and cases there cited.

The invalidity of the judgment of the county court here under review does not appear from the face of the record under inspection, and it will be necessary therefore for petitioners to institute a proper proceeding to cancel the franchise in question, as that relief cannot be granted here.

The writ of certiorari issued by the circuit court must therefore be quashed, and it is so ordered.