## ARKANSAS DEMOCRAT-GAZETTE and Noel Oman *v.* PULASKI COUNTY DISTRICT COURT

08-1435                                                    289 S.W.3d 901

Supreme Court of Arkansas
Opinion delivered December 19, 2008

*Williams & Anderson PLC*, by: *Jess Askew III*, for appellants.

*Thomas M. Carpenter*, Little Rock City Att'y, for appellee.

PER CURIAM. The Arkansas Democrat-Gazette (ADG) and Noel Oman petition this court for a writ of certiorari to be issued by this court to the Pulaski County District Court. ADG asserts that jurisdiction to issue the writ of certiorari lies in this court because amendment 80 repealed Arkansas Constitution article 7, section 14. Article 7, section 14 provided for issuance of writs by the circuit courts to the district courts under its superintending control. Amendment 80 does not so provide.

ADG asserts that only the Arkansas Supreme Court may issue writs of certiorari. While Arkansas Constitution amendment 80, section 2(E) provides that the Arkansas Supreme Court has the "power to issue and determine any and all writs necessary in aid of its jurisdiction," it is silent on the question of whether the circuit court may issue a writ of certiorari to the district court. Although

amendment 80 does not speak to original jurisdiction in and issuance of writs by the circuit court, appellate jurisdiction over the district court is placed in the circuit court. *See* Ark. Const. amend. 80, § 7(A). However, Arkansas Constitution amendment 80, section 19(B)(1) indicates that the adoption of amendment 80 did not repeal the jurisdiction of the circuit court over matters previously cognizable by that court. Thus, while superintending control of all courts is reserved to this court[1] by amendment 80, the circuit courts hold jurisdiction to review and decide issues first raised in the district court.

Certiorari is a common law writ issued from a superior tribunal to a lower tribunal that removes the record from the lower to the superior tribunal for consideration there. *Helena Daily World v. Phillips County Circuit Court*, 361 Ark. 146, 205 S.W.3d 134 (2005); *McAllister v. McAllister*, 200 Ark. 171, 138 S.W.2d 1040 (1940). It is of ancient origin, *City Inv. Co. v. Crawley*, 199 S.E. 747 (Ga. 1938), and does not necessarily depend on constitutional or statutory enactment for its existence. 14 Am. Jur. 2d *Certiorari* § 8 (2000). It may be provided for by statute, but it may also issue as a common-law writ. *Id.*

The writ of certiorari reviews actions taken by the lower court. *Ark. Dep't of Human Servs. v. Collier*, 351 Ark. 506, 95 S.W.3d 772 (2003); *Bell v. Conner*, 176 Ark. 530, 3 S.W.2d 319 (1928). The question presented is whether the circuit court may issue the common-law writ of certiorari. After the adoption of amendment 80, the Arkansas Constitution is now silent on the question.[2] Where the law is silent on statutory or other authority to act, such cases "remain at common law." *Ex parte Couch*, 14 Ark. 337, 338 (1854). In the absence of statutory or other authority, under the common law, a court of general and original jurisdiction holds jurisdiction to bring up the record of a lower court by certiorari for purposes of review. George E. Harris, *A Treatise on the Law of Certiorari* § 1 (1893). Circuit courts "are courts of original

---

[1] *See Foster v. Hill*, 372 Ark. 263, 268, 275 S.W.3d 151 (2008) ("Superintending jurisdiction is one of three types of jurisdiction held by courts of last resort that also includes appellate and original jurisdiction.")

[2] We note that Arkansas Code Annotated section 16-13-205 (Repl. 1999) provides that circuit courts hold the power to issue writs of certiorari to an "inferior tribunal." The argument about section 16-13-205 was not developed by the parties and will not be considered. *See Johnson v. Encompass Ins. Co.*, 355 Ark. 1, 130 S.W.3d 552 (2003).

jurisdiction of all justiciable matters not otherwise assigned." Ark. Const. amend. 80, § 6.[3] The power to issue the writ is inherent under this provision. The power to issue the writ is also "inherent in higher courts of record." 14 Am. Jur. 2d *Certiorari* § 8. With respect to the district court, the circuit court is a higher court of record. The district court is a court of limited jurisdiction. *See Jones v. Huckabee,* 369 Ark. 42, 250 S.W.3d 241 (2007). Under the common law, as a court of general jurisdiction superior to that of the district court, the circuit court may issue the writ of certiorari to the district court.

We hold that under the common law and the Arkansas Constitution, the circuit court holds the authority to issue writs of certiorari to the district court. Accordingly, we reject the argument that the adoption of amendment 80 deprived the circuit court of the authority to issue writs of certiorari. We further hold that the circuit court is the appropriate court to petition for a writ of certiorari directed at the district court and that any resort to this court must be based on alleged errors occurring in the circuit court. The petition is denied.

---

[3] *See also* Ark. Code Ann. § 16-13-201 (Supp. 2007) (stating that circuit courts hold original jurisdiction of all justiciable matters not otherwise assigned and that the circuit court holds appellate jurisdiction over decisions of the district court).