SLIP OPINION

Cite as 2016 Ark. 170

# SUPREME COURT OF ARKANSAS

No. CR–15–976

| | | |
|---|---|---|
| ERIC C. BURGIE | | **Opinion Delivered** April 14, 2016 |
| | APPELLANT | PRO SE MOTION FOR BELATED APPEAL [GARLAND COUNTY CIRCUIT COURT NO. 26CR-00-366] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | APPELLEE | APPEAL DISMISSED; MOTION FOR BELATED APPEAL TREATED AS MOTION FOR BELATED BRIEF AND MOOT. |

## PER CURIAM

In 2001, appellant Eric C. Burgie was found guilty by a jury of capital murder and aggravated robbery and sentenced to life imprisonment without parole. We affirmed. *Burgie v. State*, CR-02-90 (Ark. Feb. 20, 2003) (unpublished per curiam).

On October 13, 2015, Burgie filed in the trial court a pro se application for writ of certiorari pursuant to Arkansas Code Annotated section 16-13-205. Burgie argued in his petition that his sentence was illegal because he was found guilty of capital murder with aggravated robbery as the underlying felony on the ground that the capital–murder statute, Arkansas Code Annotated section 5-10-101 (Repl. 1997) did not enumerate aggravated robbery as an underlying offense to capital murder at the time he committed the offenses. He also argued that it was an ex post facto application of Act 827 of 2007 for him to be convicted of capital murder with aggravated robbery as an underlying offense on the ground

that the Act added "aggravated robbery" to the enumerated list of underlying felonies to capital murder after he was convicted.

The trial court denied Burgie's petition, and he has lodged an appeal in this court. Now before us is his motion for belated appeal. Because Burgie has perfected his appeal, his motion is properly treated as a motion for belated brief. *See Johnson v. State*, 2015 Ark. 414 (per curiam) (if good cause is shown, this court will grant the motion and accept a criminal appellant's belated brief to prevent the appeal from being aborted); *see also McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004) (discussing relief for an appellant when he or she has failed to perfect an appeal). Notwithstanding Burgie's attempt to have a writ of certiorari issued against the presiding court he alleged to have conducted the erroneous or void proceeding,[1] and, as it is clear from the record that Burgie could not prevail on appeal, the appeal is dismissed, and the motion is moot. When it is clear from the record that the appellant cannot prevail if an appeal of an order that denied postconviction relief were permitted to go forward, we dismiss the appeal. *Wheeler v. State*, 2015 Ark. 233, 463 S.W.3d 678 (per curiam); *see also Justus v. State*, 2012 Ark. 91.

On appeal, Burgie contends that the trial court erred by denying him relief because the trial judge is an officer of the court within the meaning of the above-referenced statute

---

[1]Arkansas Code Annotated section 16-13-205(a) states that "[t]he circuit courts shall have power to issue writs of certiorari to any officer or board of officers, city or town council, or *any inferior tribunal of their respective counties* in order to correct any erroneous or void proceeding or ordinance and to hear and determine the proceeding or ordinance." (Emphasis added.) Certiorari is a common-law writ *issued from a superior tribunal to a lower tribunal* that removes the record from the lower to the superior tribunal for consideration there. *See Ark. Democrat-Gazette v. Pulaski Cty. Dist. Court*, 375 Ark. 310, 311, 289 S.W.3d 901, 902–03 (2008).

and had the power to correct the erroneous and void proceeding of his trial. Specifically, he claims Judge John Homer Wright acted in excess of his authority when judgment was entered on Burgie's convictions and sentence because Arkansas Code Annotated section 5-10-101 (Repl. 1997) did not enumerate aggravated robbery as an underlying offense to capital murder at the time he committed the offenses.

This is the third time this court has considered Burgie's allegation concerning aggravated robbery not specifically appearing as a lesser-included offense to capital murder in the statute at the time he committed the offenses. He raised the claim in a petition for writ of habeas corpus that he filed in 2012 in the circuit court in the county where he was incarcerated. The habeas petition was denied, and we affirmed the order. *Burgie v. Hobbs*, 2013 Ark. 360 (per curiam). Burgie also raised the claim in his November 2015 pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2006). The petition to correct illegal sentence was denied, and we affirmed that order. *Burgie v. State*, 2015 Ark. ___ (per curiam).

In both appeals, we noted that a trial court has specific authority to sentence a defendant for the underlying felony supporting a capital-murder charge, as well as the felony of capital murder itself, even if the statute listed "robbery" rather than "aggravated robbery" as an underlying offense. *Burgie*, 2015 Ark. ___ (citing *Jackson v. State*, 2013 Ark. 19 (per curiam) and *Clark v. State*, 373 Ark. 161, 282 S.W.3d 801 (2008)). While aggravated robbery was not specifically enumerated by statute at the time Burgie committed the offenses, this court has held that aggravated robbery will support a charge of capital murder. *See Nooner v. State*, 322 Ark. 87, 907 S.W.2d 677 (1995). With respect to his ex post facto

claim, the fact that the statute was changed to include aggravated robbery as an underlying felony after Burgie was convicted does not alter our reasoning as previously stated.

Burgie failed to show that he was entitled to relief for the writ of certiorari to issue. Accordingly, the trial court did not err in denying the relief sought, and Burgie could not prevail on appeal from the order.

Appeal dismissed; motion for belated appeal treated as motion for belated brief and moot.