HILL *v.* TAYLOR.

4-5697                                           135 S. W. 2d 825

Opinion delivered January 15, 1940.

*W. H. McClellan,* for appellant.

*Buzbee, Harrison, Buzbee & Wright,* for appellee.

HUMPHREYS, J. This is an appeal from the refusal of the circuit court of Pulaski county, third division, in a certiorari proceeding to quash alleged void orders of the probate court of said county allowing and approving claims of Mrs. Lois Hill and rendering judgment thereon in the sum of $2,079 against the estate of appellant, an incompetent world war veteran.

It was alleged in the petition for certiorari that appellee, the guardian of appellant, had unlawfully paid said amount to Mrs. Lois Hill out of appellant's estate under said void orders and that after making his final report and obtaining his discharge the probate court entered an order releasing the surety, Massachusetts Bonding & Insurance Co., which orders discharging appellee and releasing his surety should also be quashed.

A response to the petition was filed by appellee denying every material allegation in the petition for a writ of certiorari. It was also alleged in the petition that appellee, Mrs. Lois Hill, and the county judge had perpetrated a fraud upon appellant in procuring the alleged void orders and in paying the claims of Mrs. Lois Hill out of appellant's estate.

A writ was issued and the cause was tried upon agreement between the parties, with the consent of the court that the copies of the probate record attached to appellant's petition would be acceptable in place of copies of the record certified by the probate clerk, together with a stipulation, as follows:

"Stipulation of parties states that the records of Pulaski probate court reflect that guardian's final settlement was filed on June 16, 1934, and confirmed by the court on April 17, 1935; that on April 15, 1936, Jim

C. Cole, guardian in succession, appealed from order of probate court approving final settlement of A. W. Taylor and refusing to consider exceptions to the settlement, one of which applied to the payment of $2,079 to Mrs. Lois Hill; that on August 14, 1937, John W. Hill was declared sane by Hot Springs county probate court; that on March 28, 1938 John W. Hill dismissed said appeal taken by Jim C. Cole from the final settlement of Taylor; that the records of Pulaski chancery court reflect that plaintiff filed suit therein on August 13, 1938, against Taylor and the surety to surcharge Taylor's accounts, attacking the payment by Taylor to Mrs. Lois Hill of $2,079, and later, on January 4, 1939, plaintiff non-suited said action.''

The exhibits attached to the petition are as follows:

''Exhibit 'A.' Petition for appointment as guardian states that A. W. Taylor, petitioning for letters of guardianship of John W. Hill, incompetent World War Veteran, represents that Hill has property valued at $1,800 coming to him from the United States Government; that petitioner will faithfully discharge duties as guardian, etc.

''Exhibit 'B.' Guardian's Bond. A. W. Taylor as principal and Massachusetts Bonding & Ins. Co., as surety, acknowledge themselves indebted to the State of Arkansas in the sum of $2,000, conditioned that A. W. Taylor will faithfully discharge his duties as guardian of John W. Hill, etc. Approved by the court.

''Exhibit 'C.' Petition of Lois Hill alleges that she is the wife of John W. Hill; that she is the owner of 120 acres of land (described); that John W. Hill, during the year 1929, sold all the timbers from said lands, amounting to 28 freight car loads of the net value of $1,850, and appropriated the money to his own use and has paid none of the money to her; that petitioner later sold the land and out of the funds received therefrom loaned $229 to John W. Hill, which has not been paid; prays that the probate court make an order directing the guardian of John W. Hill to pay her the sum of

$2,079. (Accompanied by affidavits to support the petition.)

"Exhibit 'D.' The order of the probate court finds that the amount of $2,079 is justly due Mrs. Lois Hill and the same is a legal claim against the estate of John W. Hill; ordered and adjudged that said claim for said amount be approved as a legal claim against ward's estate; and that A. W. Taylor, guardian, is directed to pay said sum to petitioner out of ward's funds then in guardian's possession, or which may thereafter come to his possession.

"Exhibit 'E.' Guardian's first annual account, filed June 21, 1931, shows receipts of $122.65 from Jabez M. Smith, former guardian, $1,260 in monthly compensation payments, $726.57 in monthly insurance payments, and $726.22 in loans on adjusted service certificates, claims credit for following payments to Lois Hill, among other expenditures: May 13, 1931, $100; May 15, 1931, $50; and May 30, 1931, $50.

"Exhibit 'F.' Guardian's second annual account, filed July 21, 1932, shows receipts of $1,170 in monthly compensation payments, $755.29 in monthly insurance payments, and $2,168,95 from insurance claim against the government; claims credit for the following payment to Lois Hill, among other expenditures: July 2, 1931, $1,879.

"Exhibit 'G.' Order releasing surety, directs that Massachusetts Bonding & Ins. Co., be released from further liability on the guardian's bond."

No evidence was introduced or offered by the parties except the face of the record under the stipulations above.

There was no evidence tending to establish the allegation of fraud contained in the petition; so, as we view it, that question is not involved on this appeal.

Appellant contends that the petition of Mrs. Lois Hill for the allowances made to her were for unliquidated amounts, one being in the nature of damages for trespassing and conversion on her land and the other for

money she had loaned her husband, appellant herein, and that the probate court was without jurisdiction to try either suit, and, hence, the allowances and judgments rendered thereon were void. According to the face of the record the claims presented by her were for liquidated amounts and it appears that the claims were supported by affidavits. There is nothing in the record showing what testimony in this regard was presented before the Pulaski probate court at the time the allowances were made. It does appear that the claims were approved by the Hon. Cleveland Cabler, the attorney of the Veteran's Bureau, and that the court order making the allowances was also approved by him, but the record does not disclose what investigation he made and why he approved the claims. It is argued by appellant that the approval was procured by appellee in order to clear his skirts of a fraud he was attempting to practice upon his ward, the appellant herein; but there is nothing in this record from which we could find either actual or constructive fraud participated in by Mr. Cabler. It is argued by appellant that Mrs. Lois Hill had no attorney of record, but that someone prepared her allegations and the affidavits in support thereof and appellant intimates that appellee did this himself. These are matters entirely outside of the record before us and as stated above there is no evidence whatever that any fraud was practiced by any of the parties connected with the transaction. We can only look to the face of the record in this certiorari proceeding to ascertain whether or not the probate court was without jurisdiction to make the allowances and approve them. The record reflects that appellant's wife, Mrs. Lois Hill, presented her claim against appellant's estate on May 12, 1931, and that same was allowed by the probate court on May 13, 1931, also that appellee filed his final settlement and obtained his discharge as guardian on April 17, 1935, and that Jim C. Cole was appointed on April 15, 1936, as guardian in succession. Cole and his attorney excepted to the settlement and they made specific exceptions to the allowance of $2,079 to appellant's wife and that from the

refusal to sustain his exceptions he appealed the case to the circuit court. The appeal involved the same issues that are involved in the case at bar. This appeal was dismissed by appellant's attorney and himself on March 28, 1938, after appellant had been declared competent and sane by the probate court of Hot Spring county, Arkansas, on August 14, 1937. The record does not reflect why this appeal was dismissed.

The record before us also reflects that appellant filed a suit in the Pulaski chancery court on August 13, 1938, against appellee and his surety seeking to surcharge the accounts in the Pulaski probate court of appellee, attacking, among other things, the payment by appellee to appellant's wife of the amount in question, $2,079. This suit involved the same issues that are involved in the suit at bar and the record does not disclose why appellant and his attorney took a non-suit of this chancery action on January 4, 1939.

The record then reflects that on October 14, 1938, appellant filed this petition in the Pulaski circuit court for a writ of certiorari. It thus appears that this application for a writ of certiorari was not filed for more than seven years after the probate court order allowing the claims of Mrs. Lois Hill and three and one-half years after the discharge of appellee as guardian and more than twelve months after the appellant was declared sane by the Hot Spring court and more than seven months after the dismissal of appellant's appeal to the Pulaski circuit court and at the time he had a suit pending in the chancery court to surcharge the guardian's account.

Even if it be conceded that the orders were void the rule is that void judgments or final orders are appealable. *Taylor* v. *Bay St. Francis Drainage District*, 171 Ark. 285, 284 S. W. 770 and void orders or judgments in the probate court even after the lapse of time to take an appeal therefrom may be corrected in the chancery court in suits to surcharge the accounts of a guardian. Such a suit was brought by appellant in the chancery court, but afterwards dismissed by him without any explanation by him as to why he did so.

This court said in the case of *Burgett* v. *Apperson*, 52 Ark. 213, 12 S. W. 559 that: ''The writ of certiorari may be used not only to correct a want of jurisdiction, but also the erroneous proceedings of an inferior tribunal. But, it will not lie to review mere errors at the instance of one who has lost the right of appeal by his own fault, or, who neglects to apply for the writ as soon as possible after the necessity of resorting to it arises. . . . The period within which the writ of certiorari may be granted is not limited by statute. Where, however, it is sought as a substitute for appeal the time within which an appeal might have been prosecuted is adopted by analogy.''

This court, also, said in the case of *Black* v. *Town of Brinkley*, 54 Ark. 372, 15 S. W. 1030, that: ''The rule is to refuse the writ when a party seeking it fails to show that he has proceeded with expedition after discovering that it was necessary to resort to it . . .''

This court, also, said in the case of *Pruitt* v. *International Order of Twelve, Knights & Daughters of Tabor*, 158 Ark. 437, 250 S. W. 331, that (Quoting syllabus 3): ''Certiorari ought not to issue in any case where there is or has been a right of appeal, unless the right of appeal has been lost without fault of the petitioner.''

The general rule is that certiorari is not a writ of right, but a writ of discretion, and unless it clearly appears that the trial court abused its discretion in denying the application for a writ of certiorari this court will not correct on appeal the exercise of the trial court's discretion in either denying or allowing the application for this extraordinary remedy. In other words, unless it appears that the trial court has abused his descretion this court will not reverse the action of the trial court in denying the application for such a writ.

We have concluded that the application of appellant for the writ in the instant case was not timely. It cannot be said that his suit in the chancery court to correct and surcharge the account of appellee was not a proper proceeding. Such a suit was available to him and would

have afforded him full and complete relief had he prosecuted same, but instead he took a non-suit without disclosing any reason whatever for doing so.

We cannot say that the trial court abused its discretion in dismissing the petition for a writ of certiorari.

No error appearing, the judgment is affirmed.