ARKANSAS GAZETTE COMPANY *v.* Floyd J. LOFTON, JUDGE

80-2                                        598 S.W. 2d 745
Supreme Court of Arkansas
Opinion delivered May 27. 1980

*Rose Law Firm, P.A.,* for petitioner.

*Steve Clark*, Atty. Gen., by: *Debby Thetford Nye*, Asst. Atty. Gen., for respondent.

FRANK HOLT, Justice. Otha Lee Conley was charged with four counts of rape which were committed in the Quapaw Quarter area of Little Rock during the summer of 1978. Following two trials, which included other incidental charges, he was convicted and sentenced to a total of 143 years. During a preliminary hearing about a week before the third trial, the trial court enjoined and restrained the petitioner from (1) publishing any information regarding the substance of the preliminary hearing until after the jury was impaneled, and (2) referring to the accused as the "Quapaw Quarter rapist" in any news stories published prior to the trial. We dissolved this order, issued a writ of certiorari and directed the parties to submit briefs pursuant to Rule 16. Even though we dissolved the order, we address the one issue presented since it is capable of repetition in future cases. *Commercial Printing Co. and Tosca* v. *Lee*, 262 Ark. 87, 553 S.W. 2d 270 (1977).

The petitioner does not object to the first aspect of the order. With commendable restraint, petitioner declined publishing the substance of the evidence proffered at the preliminary suppression hearing, and in fact never had any intention to do so. Petitioner points out, however, that it was clearly free to do so if it chose since it was an open court proceeding. *Shiras* v. *Britt*, 267 Ark. 97, 589 S.W. 2d 18 (1979); and *Wood* v. *Goodson, Judge*, 253 Ark. 196, 485 S.W. 2d 213 (1972). Therefore, the only issue presented here is whether the order restraining the press from referring to the accused as the "Quapaw Quarter rapist" was unconstitutional and void.

Any restraint on the freedom of the press, even though narrow in scope and duration, is subject to the closest scrutiny and will be upheld only upon a clear showing that an exercise of this right presents a clear and imminent threat to the fair administration of justice. *U.S.* v. *CBS, Inc.*, 497 F. 2d 102 (5th Cir. 1974). Any prior restraint bears a heavy presumption against its constitutional validity, and the government carries a heavy burden of demonstrating

justification for its imposition. *CBS, Inc.* v. *Young*, 522 F. 2d 234 (6th Cir. 1975).

Here there is no doubt that the court entered the order in good faith, believing it was required by the publicity surrounding this and the two previous trials. However, the informations alleging that Conely had committed four rapes, in the Quapaw Quarter area, were clearly matters of public record. The accused had been convicted of two of these alleged rapes in the area and was charged with two additional rapes, one of which was the subject of the instant trial. We are cited no case nor does our research reveal one which permits judicial censorship of the use of descriptive words by the news media. In effect, here the press was merely paraphrasing what the public records reveal. Use of the phrase by the petitioner is protected by the federal First Amendment and Art. 2, § 6, of our own constitution. The restraint of these constitutional rights amounts to a judicial censorship which is beyond the jurisdiction of this or any court. Therefore, the restraint imposed by the court cannot pass constitutional scrutiny.

In response to the respondent's contention that a writ of mandamus is not the proper remedy, we need only refer respondent to our reasoning in *Commercial Printing Co.* v. *Lee*, 262 Ark. 87, 553 S.W. 2d 270 (1977), cited with approval in *Shiras* v. *Britt, supra*.

Order made permanent.