Pamela Lynn IRVAN *v.* Honorable Bernice L. KIZER, Probate Judge

84-324                                    689 S.W.2d 548

Supreme Court of Arkansas
Opinion delivered May 20, 1985

*Kenneth W. Cowan*, and *Patrick McCarty*, of Western Arkansas Legal Services, for appellant.

*Robert S. Blatt*, for appellee.

JOHN I. PURTLE, Justice. In an original action in this court petitioner, Pamela Lynn Irvan, sought writs of certiorari and prohibition to the Probate Court of Sebastian County, Ft. Smith District. We granted certiorari and requested briefing pursuant to Ark. Sup. Ct. R. 16. We now consider the matter of prohibition. Under the circumstances of this case the writ is granted.

Petitioner gave birth to a son on June 24, 1982. She was not married at that time and named the child Cody Lee Irvan. The

natural father, Kenneth Glenn Chatman, readily acknowledged his paternity. Upon request of the father the mother obtained an order of the Chancery Court changing the child's name to Cody Lee Chatman. The father became dissatisfied with only a name change and on March 5, 1984, persuaded the petitioner, in the office of his attorney, to execute an entry of appearance and consent to adoption. On March 6, 1984, he filed a petition to adopt the child.

On April 4, 1984, after consulting counsel, petitioner filed a motion, upon advice of her attorney, to dismiss the adoption proceeding and to withdraw her entry of appearance and consent to adoption. On May 24, 1984, the matter was presented to the Probate Court and a verbal order of adoption was rendered. The court found no just cause to allow petitioner to withdraw her entry of appearance and consent to adoption. The verbal order granted permanent care and custody to the mother and specifically protected all her rights as the natural mother. Counsel for the father was instructed to prepare a precedent. However, on May 30, 1984, the trial court notified the parties that the entire adoption proceeding was being taken under advisement in order to allow the mother to proceed in the County Court on a bastardy proceeding.

The action was commenced in the County Court on April 13, 1984. After a hearing on June 27, 1984, the County Court entered an order finding Kenneth Glenn Chatman to be the father. Permanent care and custody was granted to the mother and the father was ordered to pay monthly child support.

On July 27, 1984, petitioner's attorney wrote the Probate Court about a final hearing in the adoption proceeding and enclosed a copy of the County Court order. About September 24, 1984, the attorneys for the parties had a chance meeting at which time the father's attorney informed petitioner's attorney that a decree of adoption had been entered on July 25, 1984. Although the father's attorney had mailed an interlocutory decree to the judge on July 16, 1984, no copy of the letter of transmittal was sent to petitioner's attorney. Neither petitioner nor her attorney received any type of notice or copy of the decree until the chance meeting some two months after its entry.

On October 8, 1984, petitioner filed a motion to vacate the interlocutory decree. The motion was denied on November 14,

1984. We granted certiorari on January 21, 1985, and ordered briefing pursuant to Rule 16. The matter is before us for consideration of the petition for prohibition.

Adoptions were unknown to the common law and are entirely statutory. Any attempt to grant rights to the natural relatives, in the absence of statutory authority, is against public policy and is void. *Poe* v. *Case*, 263 Ark. 488, 565 S.W.2d 612 (1978). We interpreted the Revised Uniform Adoption Act (Ark. Stat. Ann. §§ 56-201—56-221) in *Harper* v. *Caskin*, 265 Ark. 558, 580 S.W.2d 176 (1979). We held in *Harper* that in order to grant an adoption contrary to the wishes of a natural parent, the conditions prescribed by statute must be clearly proven and the statute construed in favor of the natural parent.

The real problem in the present case is what rights, if any, the natural mother has after the decree of adoption. To begin with there is no question but that the decree was appealable and there can be no appeal from the final decree because no notice of appeal was filed. See per curiam *In the Matter of Appeals from Adoption Orders*, 277 Ark. 520, 642 S.W.2d 573 (1982). An unmarried parent may adopt a child. Ark. Stat. Ann. § 56-204 (Supp. 1983). A final decree of adoption, or an interlocutory decree which has become final, has the effect of relieving the natural parents of all rights and responsibilities and terminating all legal relationship between the child and his relatives, including the natural parents. Ark. Stat. Ann. § 56-215(a)(1). There is some question in the present case of when the decree of adoption will become final, if indeed it does. It cannot become final until the child has lived in the adoptive home for at least six months. Ark. Stat. Ann. § 56-213. The mother has been given permanent custody and until such time as the adoptive father has had custody for six months, the adoption will not become final if the provisions of Ark. Stat. Ann. § 56-213 are followed. Surely the legislature did not intend to deprive a natural mother of the relationship of parent and child when the father adopts his own child nor did it intend to place some adoption cases in limbo.

Neither the parents nor the court intended to destroy the mother's relationship with her son. However, the decree attempted to preserve the mother-child relationship without statutory authority. The decree as it is written can never carry out the intent of all parties. In fact if the decree becomes final the father

will have the absolute right to take custody of the child from the mother who would be a stranger to her child under the law.

We recognize that this writ is extraordinary and will not be granted unless the petitioner is clearly entitled to the relief sought. *Henderson* v. *Dudley*, 264 Ark. 697, 574 S.W.2d 658 (1978). It is available in our exercise of superintending control over inferior courts when there is no other remedy provided. If a petitioner lost a right of appeal through no fault of his own he is entitled to certiorari. *Hendricks* v. *Parker*, 237 Ark. 656, 375 S.W.2d 811 (1964).

The circumstances of this case are extraordinary. After the adoption proceedings were underway the Probate Court decided to suspend all activities in order to allow the County Court to consider the matter of paternity. No time was set for hearings or for final adjudication. Without notice to petitioner an interlocutory order of adoption was entered on July 25, 1984. On July 27, 1984, petitioner's attorney wrote the court stating it was his understanding that the whole question of adoption was in suspense awaiting the decision by the County Court. The attorney enclosed a copy of the paternity order and specifically requested the trial court to make a final decision in order that the mother could govern herself accordingly. This is obviously a statement that the mother would appeal an adverse ruling. Neither the probate judge nor anyone else responded to the letter. In an affidavit by the attorney, filed in support of the motion to vacate the interlocutory decree, he again states he understood he was to receive notice from the court before any other action was taken in the adoption proceeding. Nothing in the record indicates the court understood otherwise. Under the circumstances of this case we think the petitioner was entitled to rely on the court to notify her of any action taken and this was not done.

The petition is granted and the case is remanded to the Probate Court to proceed in a manner not inconsistent with this opinion.