Steve J. JACKSON and Miles King *v.* Jim Guy
TUCKER, Governor of Arkansas

96-792                                                    927 S.W.2d 336

Supreme Court of Arkansas
Opinion delivered July 12, 1996

*Petitioners,* Pro Se.

No response.

PER CURIAM. Steve J. Jackson and Miles King file an original action in this court requesting a restraining order against Jim Guy Tucker, as Governor of Arkansas. Shown as plaintiffs in their complaint and amended complaint, they ask for an expedited hearing so this court can determine whether defendant Jim Guy Tucker should be prohibited from acting as Governor. The gravamen of the complaint, as amended, is to challenge the validity of appointments and grants made by Mr. Tucker after Mr. Tucker was found guilty of two felonies in a federal district court proceeding.

We know of no authority under which the moving parties may file an original action in this court, and they cite no applicable precedent. First, they cite Rule 1-2(a)(6), but that rule sets out this court's *appellate* jurisdiction in cases of quo warranto, prohibition,

injunction, or mandamus. Next, they cite Rule 6-1 which is this court's rule pertaining to petitions for extraordinary relief involving special proceedings. In Rule 6-1(a), the rule provides that, in *cases* in which the jurisdiction of the court is *in fact appellate* although in form original, such as petitions for writs of prohibition, certiorari, or mandamus, the pleadings with certified exhibits *from the trial court* (if applicable) are treated as the record. Rule 6-1(c) and (e) then address that, when filing a petition under Rule 6-1(a), petitioners may seek relief to *stay the trial court proceeding*, so that a briefing schedule can be set by this court. Those provisions, again, invoke this court's authority to *review a trial court's proceeding*.

Rule 6-5 is also cited by the moving parties, but that rule merely establishes the procedure where this court's jurisdiction is original rather than appellate. Rule 6-5 specifically mentions Amendment 7 to the Arkansas Constitution, which specifically provides this court with authority to review the validity of statewide petitions in certain circumstances. Although not mentioned in Rule 6-5, this court has exercised original jurisdiction where its contempt powers were at issue. *Osborne v. Power*, 322 Ark. 229, 908 S.W.2d 340 (1995).

In sum, this court's jurisdiction is appellate in nature except where specific law or precedent has established authority for it to proceed in an original action. The moving parties cite no such legal authority under which this court can proceed in an original action concerning the circumstances set out in their complaint, and we know of none. The moving parties' complaint deals with factual issues that require the taking of evidence. A trial court has the jurisdiction and is established to deal with such evidentiary matters.

The moving parties simply have offered no citation that establishes original authority for this court to proceed, and what they have offered demonstrates a lack of understanding of the constitutional process and the role and rules of this court. Accordingly, we deny petitioners' request.

JESSON, C.J., BROWN and ROAF, JJ., not participating.