THE HELENA DAILY WORLD  *v.*
PHILLIPS COUNTY CIRCUIT COURT,
By and Through the Honorable L.T. Simes, Judge,
and Wanda McIntosh, Clerk of the Court

05-146                                    205 S.W.3d 134

Supreme Court of Arkansas
Opinion delivered March 10, 2005

*Wright, Lindsey & Jennings, LLP*, by: *Troy A. Price*, for petitioner.

*Mike Beebe*, Att'y Gen., by: *Sherri L. Robinson*, Ass't Att'y Gen., for appellee.

Pᴇʀ Cᴜʀɪᴀᴍ. Petitioner, The Helena Daily World ("the Daily World"), a newspaper of general circulation located in Phillips County, filed a petition for writ of *certiorari*, requesting that we direct the respondents, Phillips County Circuit Court, by and through the Honorable L.T. Simes, and Wanda McIntosh, the clerk of the Phillips County Circuit Court ("clerk"), to certify and transmit the record of proceedings in an underlying case of *City of West Helena v. Johnny Weaver, et al.*, No. Civ. 2005-4, to our court for review, and

to dissolve an injunction, restraining order, and protective order that prohibits the Daily World from publishing information relating to a case heard by the Arkansas Judicial Discipline and Disability Commission ("Commission"). We grant the petition for writ of *certiorari* on the issue of certifying the record.

On January 6, 2005, at a hearing in the *Weaver* case, Mr. Weaver and his attorney made reference to a matter that was pending before the Commission. On January 7, 2005, the circuit court issued an injunction, restraining order, and protective order as a result of the reference to the pending matter. In its order, the circuit court enjoined the parties, their attorneys, "and the entities known as the Daily World . . . and any and all persons present at the hearing on said date [January 6, 2005] from communicating in any fashion whatsoever, *i.e.*, speaking, writing, printing, distributing or disseminating any information heard or received at the said hearing relating to the [Commission]." The Daily World attached an uncertified copy of this order to its petition for writ of *certiorari*.

The Daily World is not a party to the underlying proceedings below in the *Weaver* case.

On February 7, 2005, the Daily World filed its petition for writ of *certiorari*, stating that a record was not filed with its petition because the clerk sealed the file at the direction of the circuit court. The Daily World argues that the circuit court's order operates as a prior restraint and violates its fundamental rights of free speech and freedom of the press under the United States and Arkansas Constitutions. Further, the Daily World avers that it seeks to report on testimony, which is "of vital importance to the citizens of Phillips County," regarding the matter before the Commission. The Daily World requests that we dissolve the injunction of the circuit court.

The State filed a response to the Daily World's petition for writ of *certiorari* on February 17, 2005. In its response, the State argues that the Daily World is not entitled to a writ of *certiorari* because, notwithstanding that a reference to the case before the Commission was made in open court at the January 6 hearing, the matter was not yet public information and should remain confidential under Ark. Code Ann. § 16-10-404(b)(2). The State further contends that the circuit court's order was narrowly tailored and did not infringe upon the Daily World's free-speech rights.

On February 24, 2005, by letter order, we ordered that the Daily World's petition be submitted as a case.

■■ We now consider the Daily World's petition for writ of *certiorari*. We have said that *certiorari* is an original writ issuing from a superior to an inferior tribunal requiring the inferior tribunal to forward the record of a proceeding to the superior tribunal for consideration there. *Huffman v. Arkansas Judicial Discipline and Disability Comm'n*, 344 Ark. 274, 278, 42 S.W.3d 386, 389 (2001) (citing *Auditor v. Davies*, 2 Ark. 494 (1840)). Certiorari, except in so far as it has been enlarged and extended by statute, is a common-law prerogative writ issued from a superior court directed to one of inferior jurisdiction, commanding the latter to certify and return to the former the record in the particular case. *Huffman, supra* (citing *McAllister v. McAllister*, 200 Ark. 171, 138 S.W.2d 1040 (1940)). The review available under *certiorari* is thus limited to errors appearing on the face of the record. *Hanley v. Arkansas State Claims Comm'n*, 333 Ark. 159, 970 S.W.2d 198 (1998); *Hardin v. Norsworthy*, 204 Ark. 943, 165 S.W.2d 609 (1942). Matters not contained in the record are simply not subject to appellate review. *Smith v. Smith*, 337 Ark. 583, 990 S.W.2d 550 (1999). Further, a writ of *certiorari* is not a writ of right but a writ of discretion. *Ricci v. Poole*, 253 Ark. 324, 485 S.W.2d 728 (1972); *Hill v. Taylor*, 199 Ark. 695, 135 S.W.2d 825 (1940).

■■ The record before us consists of the Daily World's petition and the State's brief in response. The Daily World concedes that an uncertified copy of the challenged order is attached to its petition because the record in the *Weaver* case was filed under seal with the circuit court. Rule 6-1(a) of the Rules of the Arkansas Supreme Court provides that in cases in which the jurisdiction of this court is in fact appellate, although in form original, such as petitions for writs of prohibition, *certiorari*, or mandamus, the pleadings with *certified* exhibits from the trial court are treated as the record. *See also Jackson v. Tucker*, 325 Ark. 318, 927 S.W.2d 336 (1996). Without a certified copy of the circuit court's order before us, we have no basis on which to act.

■ Therefore, we order the production of the following documents to be certified to us under seal. First, the Phillips County clerk shall certify and transmit under seal the circuit court's January 6, 2005, order and any related pleadings that are contained in the *Weaver* file within thirty days of this *per curiam*. Second, the court reporter in the *Weaver* case shall transcribe the

January 6 hearing in the *Weaver* case, and shall certify and transmit it to us under seal within thirty days of this *per curiam* order.

We decline to address the Daily World's request to dissolve the injunction, restraining order, and protective order that prohibits the Daily World from publishing information relating to the case heard by the Commission. Once the ordered documents are filed with our court, we shall consider setting a briefing schedule on the Daily World's prior-restraint argument.

Petition for writ of *certiorari* granted in part on the certification issue.