**Opinion issued August 29, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00100-CV

————————————

## MARIA ANTONIA PULIDO, Appellant

## V.

## EVANGELINA ESTHER GUTIERREZ GONZALEZ, Appellee

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Case No. 2008-63772**

---

## MEMORANDUM OPINION

Maria Antonia Pulido appeals the trial court's grant of summary judgment in favor of appellee Evangelina Esther Gutierrez Gonzalez in Pulido's suit to set aside the warranty deed conveying her homestead to her caretaker, Gonzalez.    We

reverse the trial court's grant of summary judgment with respect to Pulido's forgery allegation, cancellation of the notice of lis pendens, declaration that Gonzalez is fee simple owner of the property, and grant of summary judgment with respect to Gonzalez's counterclaim to quiet title, and we remand for further proceedings with respect to these claims only.

## Background

In September 2007, Pulido executed a notarized warranty deed conveying her homestead to Gonzalez, which was recorded in the real property records of Harris County the following month. A year later Pulido sued Gonzalez to set aside the warranty deed on the basis of undue influence, fraud/misrepresentation, and forgery.[1] Pulido also filed a notice of lis pendens on the property. Gonzalez answered and filed a counterclaim to quiet title to the property, asking the court to cancel the notice of lis pendens, declare it invalid and unenforceable, and declare Gonzalez the true owner of the property in fee simple.

Pulido contends that at the time she allegedly signed the warranty deed she was elderly, in poor health, and living with Gonzalez, who was responsible for her care, and, according to Pulido, mistreating her.[2] Pulido, who denies signing the

---

[1] Pulido later amended her petition to add a claim under the Texas Theft Liability Act. Pulido is not, however, challenging the trial court's grant of summary judgment in Gonzalez's favor with respect to that claim.

[2] Gonzalez emphatically denies ever mistreating Pulido while Pulido was living with her.

2

warranty deed, testified that she believes that Gonzalez forged her signature on the document. Pulido also argues in the alternative, that if she did sign the deed, she only did so because Gonzalez misrepresented the purpose of the document and tricked her into signing it.

Gonzalez filed a hybrid motion for summary judgment on both traditional and no-evidence grounds. *See* TEX. R. CIV. P. 166a(c) (traditional), 166(a)(i) (no-evidence). Gonzalez argued that she was entitled to a no-evidence summary judgment with respect to Pulido's undue influence, fraud/misrepresentation, and forgery claims, and traditional summary judgment with respect to Pulido's undue influence claim. Gonzalez also moved for traditional summary judgment on her counterclaim to quiet title. The trial court granted Gonzalez's motion in its entirety and signed a final judgment (1) ordering that Pulido take nothing on her claims against Gonzalez, (2) canceling the notice of lis pendens Pulido filed, (3) declaring Gonzalez the fee simple owner of the property, and (4) awarding Gonzalez court costs.

## Standard of Review

When a summary judgment motion is filed as a hybrid motion based upon both no-evidence and traditional grounds, we first review the trial court's judgment under the no-evidence standard of review. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *E. Hill Marine, Inc. v. Rinker Boat Co.*, 229 S.W.3d

3

813, 816 (Tex. App.—Fort Worth 2007, pet. denied). If the movant has filed a proper no-evidence motion for summary judgment and the non-movant has failed to produce more than a scintilla of evidence under the standards of Rule 166a(i), there is no need to analyze whether the movant's summary judgment proof satisfied the burden set forth for traditional summary judgment under Rule 166a(c). TEX. R. CIV. P. 166a(c), (i); *E. Hill Marine*, 229 S.W.3d at 816.

A no-evidence summary judgment is essentially a directed verdict granted before trial; thus, we apply a legal-sufficiency standard of review. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005) ("[T]he test for legal sufficiency should be the same for summary judgments, directed verdicts, judgments notwithstanding the verdict, and appellate no-evidence review."). Accordingly, a proper no-evidence summary judgment must be affirmed when the record shows one of the following: (1) there is no evidence on the challenged element; (2) the evidence offered to prove the challenged element is no more than a scintilla; (3) the evidence establishes the opposite of the challenged element; or (4) the court is barred by law or the rules of evidence from considering the only evidence offered to prove the challenged element. *Id.* at 810. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence

4

"rises to a level that would enable more reasonable and fair-minded people to differ in their conclusions." *Id.* (citing *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

To prevail on a traditional summary-judgment motion asserted under Rule 166a(c) a movant need prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c). A defendant moving for traditional summary judgment must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense to rebut the plaintiff's cause. *See IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller*, 168 S.W.3d at 816. In our review, we take the non-movant's competent evidence as true, indulge every reasonable inference in favor of the non-movant, and resolve all doubts in favor of the non-movant. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

**Undue Influence**

Pulido contends that the trial court erred in granting summary judgment with respect to her undue influence claim on no-evidence grounds because Pulido produced more than a scintilla of evidence with respect to every element of the

5

claim. Undue influence requires: (1) the existence and exertion of an influence, (2) the effective operation of such influence so as to subvert or overpower the mind of the maker of the document at the time of execution of the document, and (3) the execution of the document which the maker thereof would not have executed but for such influence. *See Rothermel v. Duncan*, 369 S.W.2d 917, 922 (Tex. 1963). Thus, in order to establish undue influence in this case Pulido must prove that Gonzalez exercised such dominion and control over her mind, under the facts and circumstances then existing, that Gonzalez overcame Pulido's free will and caused Pulido to do something that, had it not been for Gonzalez's exercise of influence, she otherwise would not have done. *See Dubree v. Blackwell*, 67 S.W.3d 286, 291 (Tex. App.—Amarillo 2001, no pet.).

The Texas Supreme Court has repeatedly observed that "every case of undue influence must be decided on its own peculiar facts." *Pearce v. Cross*, 414 S.W.2d 457, 462 (Tex. 1966) (citing *Rothermel*, 369 S.W.2d at 922). Among other factors, courts consider:

- the circumstances surrounding execution of the instrument;
- the relationship between the grantor and the grantee;
- the motive, character, and conduct of the persons benefitted by the instrument;
- the participation by the beneficiary in the preparation or execution of the instrument;
- the words and acts of the parties;
- the interest in and opportunity for the exercise of undue influence;

- the physical and mental condition of the grantor at the time of the instrument's execution, including the extent to which she was dependent upon and subject to the control of the grantee; and

- the improvidence of the transaction by reason of unjust, unreasonable, or unnatural disposition of the property.

*See Guthrie v. Suiter*, 934 S.W.2d 820, 831 (Tex. App.—Houston [1st Dist.] 1996, no writ). Proof of undue influence may be established by circumstantial evidence, but must be probative of the issue and not merely create a surmise or suspicion that such influence existed at the time the document was executed. *Reynolds v. Park*, 485 S.W.2d 807, 813 (Tex. Civ. App.—Amarillo 1972, writ ref'd n.r.e.). Undue influence cannot be inferred by opportunity alone because "[t]here must be some evidence to show that the influence was not only present, but [that it was] in fact exerted with respect to the [execution of the document] itself." *Cotten v. Cotten*, 169 S.W.3d 824, 827 (Tex. App.—Dallas 2005, pet. denied).

Pulido testified that at the time she purportedly signed the warranty deed she was elderly, in poor health, and living with Gonzalez, who was responsible for her care. According to Pulido, Gonzalez mistreated her during the year she was in her care and kept Pulido isolated from her family. Such evidence raises, at most, a fact issue as to whether Gonzalez had an *opportunity* to exert influence over Pulido. "Mere opportunity to unduly influence [someone] is no proof that influence has actually been exerted." *Guthrie*, 934 S.W.2d at 832 (citing *Miller v. Flyr*, 447 S.W.2d 195, 202–03 (Tex. Civ. App.—Amarillo 1969, writ ref'd n.r.e.)).

7

Nothing in the summary judgment record raises a fact issue that Gonzalez actually "coerced, intimidated, or otherwise forced" Pulido to sign the warranty deed. *See id.* In fact, Pulido herself testified that she never signed any documents against her will and that she was never under any pressure by Gonzalez to sign anything. Pulido further testified that she always knew what was going on and that she would read through a document before signing it.

We overrule Pulido's first issue.

### Fraud/Misrepresentation

In order to establish that the deed was procured as the result of a fraud perpetrated by Gonzalez, Pulido must establish: (1) that Gonzalez made a material misrepresentation to her; (2) the representation was false; (3) when the representation was made, Gonzalez knew it was false or made it recklessly without the knowledge of the truth and as a positive assertion; (4) Gonzalez made the representation with the intent that Pulido should act upon it; (5) Pulido acted in reliance on the representation; and (6) Pulido thereby suffered injury. *Aquaplex, Inc. v. Rancho La Valencia*, 297 S.W.3d 768, 774 (Tex. 2009).

Pulido argues that her deposition testimony is sufficient to defeat a no-evidence summary judgment on this issue. In particular, Pulido points to her testimony that: (1) she never intended to convey her home to Gonzalez; (2) she denied signing the warranty deed; (3) she testified that if she signed the warranty

deed, she did not know what she was doing; and (4) she testified that Gonzalez was "tricky." Pulido suggests in her briefing that Gonzalez obtained Pulido's signature on the deed by "misrepresenting the document she was signing" and argues that the previously discussed evidence "obviously establishes fraud on [Gonzalez's part] since, if [Pulido] signed the Deed, she obviously did not know the significance of it."

There is no evidence that Gonzalez ever made a material misrepresentation to Pulido about the deed, much less the nature of that misrepresentation. There is also no evidence that Pulido signed the deed in reliance upon such a misrepresentation. On the contrary, Pulido repeatedly *denied* ever signing the deed. Although she testified that *if* she signed the warranty deed, she did not know what she was doing, this evidence—in addition to Pulido's other testimony— merely raises a suspicion of fraud which is insufficient to defeat a no-evidence motion for summary judgment. *See King Ranch*, 118 S.W.3d at 751 (stating that less than a scintilla of evidence exists when evidence is so weak as to do no more than create mere surmise or suspicion of fact).

We overrule Pulido's second issue.

### Forgery

Pulido argues she raised at least a scintilla of evidence in support of her

forgery allegation because she testified that she did not sign the deed.[3]

A forged deed is void. *Dyson Descendant Corp. v. Sonat Exploration Co.*, 861 S.W.2d 942, 947 (Tex. App.—Houston [1st Dist.] 1993, no writ); *Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 843 (Tex. App.—Dallas 2011, no pet.). A deed that is void may be set aside or cancelled. *See Nobles v. Marcus*, 533 S.W.2d 923, 925 (Tex. 1976) (determining whether deed could be set aside due to forgery). To constitute a forgery, "the signing must be by one who purports to act as another." *Id.* at 926; *cf.* TEX. PENAL CODE ANN. § 32.21(a)(1)(A)(i) (West 2011) (defining "forge" as "to alter, make, complete, execute, or authenticate any writing so that it purports . . . to be the act of another who did not authorize that act.").

The deed in question was notarized and contains a standard certificate of acknowledgment which constitutes prima facie evidence that Pulido personally appeared before the notary and acknowledged that she executed the deed for the purposes and consideration therein expressed. *See Bell v. Sharif-Munir-Davidson Dev. Corp.*, 738 S.W.2d 326 (Tex. App.—Dallas 1987, writ denied) (citing *Stout v.*

---

[3] Gonzalez also argues that she was entitled to summary judgment on Pulido's forgery claim because Pulido is barred from asserting her forgery claim on the basis of judicial estoppel. On the contrary, Pulido is not estopped from asserting her forgery claim merely because she advanced a seemingly contradictory position (fraud) earlier in the same proceeding. *See Galley v. Apollo Associated Servs., Ltd.*, 177 S.W.3d 523, 529 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("Judicial estoppel does not apply to contradictory positions taken in the *same* proceeding") (emphasis added).

*Oliveira*, 153 S.W.2d 590, 596–97 (Tex. Civ. App.—El Paso 1941, writ ref'd w.o.m.) (stating certificate of acknowledgment is prima facie evidence that party appeared before the notary and executed document in question for purposes and consideration therein expressed)).  To raise a fact issue as to the validity of the document based on the allegedly forged signature, Pulido must present some evidence that she did not appear before the notary or that if she did, the notary practiced some fraud upon her.  *Id.*

Here, Pulido repeatedly denied signing the deed.  She also testified that she had no intention of conveying her home to Gonzalez and she denied ever telling Gonzalez that she wanted to give her the house in consideration for taking care of her and managing her affairs.

> Q.    (Pulido's counsel) Is this clearly not your signature or you don't remember signing this document?
> A.    (Pulido) No, it's not my signature.
> Q.    So do you believe that Esther forged this signature?
> A.    Sure.
> Q.    So you believe that she has title to your house because she forged this document.
> A.    I don't know what she did but I know I'm telling you I never signed [any] papers to her on my property.

Taking Pulido's testimony as true, indulging every reasonable inference in her favor, and resolving all doubts in Pulido's favor—as we must—we conclude that Pulido's testimony raises more than a scintilla of evidence with respect to this

issue. Thus, the trial court erred in granting Gonzalez a no-evidence summary judgment with respect to Pulido's forgery allegation. *See King Ranch*, 118 S.W.3d at 751.

We sustain Pulido's third issue.

**Counterclaim to Quiet Title and Cancellation of Notice of Lis Pendens**

Gonzalez also moved for traditional summary judgment on her counterclaim to quiet title and sought cancelation of the notice of lis pendens, arguing that the warranty deed from Pulido established her superior title to the property. *See Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 387–88 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (stating suit to quiet title relies on invalidity of defendant's claim to property and that plaintiff in suit to quite title has burden of supplying proof necessary to establish her superior title). Title to land, however, cannot pass under a forged deed which is void *ab initio* and inoperative. *See Sonat*, 861 S.W.2d at 947; *Bellaire Kirkpatrick Joint Venture v. Loots*, 826 S.W.2d 205, 207 (Tex. App.—Fort Worth 1992, writ denied). Although Pulido is not expressly challenging the trial court's granting of summary judgment on Gonzalez's counterclaim or its cancellation of the notice of lis pendens, the trial court's resolution of these issues was clearly dependent upon its erroneous conclusion that Pulido had failed to produce at least a scintilla of evidence in support of her forgery allegation, and thus, Gonzalez was entitled to a no-evidence

summary judgment with respect to this issue. Having concluded that the trial court erred in granting Gonzalez a no-evidence summary judgment with respect to Pulido's forgery allegation, we also reverse the portions of the judgment canceling the notice of lis pendens, declaring Gonzalez the fee simple owner of the property, and granting summary judgment on Gonzalez's counterclaim to quiet title.

## Conclusion

We reverse the portions of the trial court's judgment granting summary judgment with respect to Pulido's forgery allegation, canceling the notice of lis pendens, declaring Gonzalez the fee simple owner of the property, and granting summary judgment with respect to Gonzalez's counterclaim to quiet title, and we remand for further proceedings with respect to these claims only.

Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Justice Keyes, concurring and dissenting.

13