Cite as 2025 Ark. 24

# SUPREME COURT OF ARKANSAS

**No.** CV–25–47

KAREN BAKER, CHIEF JUSTICE OF
THE ARKANSAS SUPREME COURT


V.


MARTY SULLIVAN, DIRECTOR OF
THE ADMINISTRATIVE OFFICE OF
THE COURTS

**Opinion Delivered:** March 13, 2025


<u>MOTION TO SEAL DENIED;
SUBSTITUTED AND CORRECTED
RECORD ORDERED</u>.

**PER CURIAM**

On March 6, 2025, this court ordered Chief Justice Karen Baker to "file the omitted material, including all complaints and the underlying human-resources report whose findings and recommendations she challenges" in the instant case. *Baker v. Sullivan*, 2025 Ark. 17, at 2 (per curiam). We instructed her to do so on or before noon on Tuesday, March 11, 2025, and ordered her to redact all nonparty names or identification. *Id*. Chief Justice Baker filed one document: the "HR Investigation Report Regarding Events of December 4–5, 2024" in unredacted form. We note that she did not include any other documents that we ordered her to file, nor did she assert that she does not have them. She moved for the document that she provided to be filed under seal and, accordingly, failed to comply with this court's order that she redact nonparty names or identification. We deny

her motion to seal the record and order her to comply with the court's March 6 per curiam order. *Id*. at 2–3.

Most of the arguments in Chief Justice Baker's filing are about the merits of the human-resource's conclusions and are not relevant to the question of whether the human-resource report should be sealed. That said, she eventually argues that the record should be filed under seal because the Judicial Discipline and Disability Commission's rules prohibit disclosure of these types of records. Chief Justice Baker specifically cites Rule 7(C), which provides that "[i]nvestigatory records, files, and reports of the Commission shall be confidential, and no disclosure of information, written, recorded, or oral, received or developed by the Commission in the course of an investigation relating to alleged misconduct or disability of a judge, shall be made . . . ." Ark. Jud. Discipline & Disability Comm'n R. 7(C). There are, however, numerous exceptions to this confidentiality requirement. We note that this matter is before us as an original action and an attempt to appeal the human-resource decision—not as a review of a JDDC decision.

Yet even if this case were a review of a JDDC matter, the confidentiality provision does not apply "[i]n cases in which the subject matter or the fact of the filing of charges has become public" or "[w]here the circumstances necessitating the initiation of an inquiry include notoriety, or where the conduct in question is a matter of public record[.]" *Id*. Rule 7(C)(3), (5). Both of these exceptions would apply here. But regardless of any exceptions, we also agree with Respondent that the confidentiality provision applies only to the JDDC's own decision to release this information. *See Ark. Jud. Discipline & Disability Comm'n v. Carroll*, 2022 Ark. 189, at 2 (per curiam); *Helena Daily World v. Simes*, 365 Ark.

2

305, 313, 229 S.W.3d 1, 7 (2006) (Hannah, C.J., concurring). Put another way, the JDDC's confidentiality rules do not apply to either this court or the judge who is the subject of an investigation.

Relatedly, Chief Justice Baker argues that Administrative Order No. 19 requires that the record be filed under seal. In relevant part, Administrative Order No. 19 provides that certain "information in case records is excluded from public access and is confidential absent a court order to the contrary[.]" Ark. Sup. Ct. Admin. Order No. 19(7)(A).[1] Here, however, we have a court order to the contrary: the order requiring Chief Justice Baker to file a redacted record in this case—not a record under seal. *Baker*, 2025 Ark. 17, at 2.

Thus, because there is a court order to the contrary, this record is outside the typical realm of Administrative Order No. 19's requirements to seal. Additionally, denying the motion to seal is consistent with Administrative Order No. 19's express purpose to "promote accessibility to court records . . . [and] governmental accountability[.]" *Id.* § (1)(B).

Chief Justice Baker's motion to seal is denied. But because she failed to comply with this court's earlier order to file a redacted version, the record will remain sealed until it is properly redacted. We remind the parties not to identify individuals in pleadings as a means to circumvent the court's order. Consistent with the order previously entered and provided to the parties on this same date, Chief Justice Baker must file a compliant record on or

---

[1]Tellingly, when quoting Administrative Order 19, Chief Justice Baker omits this language—replacing "absent a court order to the contrary" with a bracket that says, "with exceptions not applicable here."

before 1:00 p.m., March 13, 2025. Upon the filing of a redacted record, the Clerk shall substitute the corrected and redacted record and unseal it.

Motion to seal denied; substituted and corrected record ordered.

BAKER, C.J., and HUDSON and HILAND, JJ., not participating.

4