Cite as 2021 Ark. 27

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE ARKANSAS JUDICIAL DISCIPLINE AND DISABILITY COMMISSION APPOINTMENTS | Opinion Delivered: February 11, 2021 |

## PER CURIAM

The Supreme Court of Arkansas appoints to the Arkansas Judicial Discipline and Disability Commission Judge Earnest Brown of Pine Bluff to fill the position being vacated by the retirement of Judge Kirk Johnson, whose term expires on June 30, 2024, and appoints Judge Andrew Bailey of Mountain Home to fill the position being vacated by the retirement of Judge David Guthrie, whose term expires on June 30, 2022.

The Court thanks Judge Brown and Judge Bailey for accepting these appointments and expresses its gratitude to Judge Johnson and Judge Guthrie for their years of service on the commission.

WOMACK, J., concurs.

**SHAWN A. WOMACK, Justice, concurring.** I believe both Earnest Brown and Andrew Bailey to be good men and good judges and I wholeheartedly agree with the court's decision today to appoint them to positions of judicial ethics oversight. I write separately to highlight a problem with the commission to which they have been appointed and to publicly acknowledge a conflict that exists in our state's constitution which renders the existence of

the Arkansas Judicial Discipline and Disability Commission ("the Commission") invalid in its present form. For the reasons stated below, the Commission should be dissolved immediately and replaced with a constitutionally sound process for addressing ethical violations by judges and judicial candidates. Judge Brown and Judge Bailey would serve admirably as inaugural members of the body created by this court to carry out this process.

The Commission was created as a function of the state's judicial powers under the authority of Amendment 66 to the Arkansas Constitution, which was passed by voters in 1988. Amendment 66 provides that "*[u]nder the judicial power of the State*, a Judicial Discipline and Disability Commission is established[.]" Ark. Const. amend. 66(a) (emphasis added). Since then, the Commission has been responsible for initiating or receiving complaints concerning judicial misconduct, conducting investigations and hearings, and making recommendations to this court. *See* Ark. Const. amend. 66(b)–(c). Even when allegations of ethical violations by judges or judicial candidates are brought to the attention of this court, a referral has historically been made by opinion or letter to the Commission.

Amendment 66 remained good law for over two decades. This changed when voters adopted Amendment 80 in 2000, which reads in relevant part:

> *The judicial power is vested* in the Judicial Department of state government, consisting of a Supreme Court and other courts established by this constitution.

Ark. Const. amend. 80, § 1 (emphasis added).

> No other provision of the Constitution of the state of Arkansas shall be repealed by this amendment unless the provision is in irreconcilable conflict with the provisions of this amendment.

2

Ark. Const. amend. 80, § 22(G).

Amendment 66 created the Commission under the judicial power of the state. Amendment 80, the later adopted amendment, vested the judicial power solely and exclusively in the judicial department of state government, which it defines as a supreme court and other courts established by the constitution. Our constitution, as it now exists, does not divide judicial power between the courts and the Commission, but rather it unequivocally vests it in the courts alone.

Because Amendment 66 purports to exercise judicial power in the form of the Commission, it is irreconcilably in conflict with Amendment 80, § 1. Moreover, under Amendment 80, § 22(G), Amendment 66 was repealed upon the effective date of Amendment 80. This conflict and repeal make it necessary for this court to dissolve the Commission and suspend all further actions, activities, and spending of the Commission.

In order to protect the public and the integrity of our judicial system, there must be a structure in place to address compliance with ethical rules for judges and judicial candidates. Under Amendment 80, § 4, this court has general superintending control over the courts of the state. It is thus our responsibility to create a new structure and process for handling compliance in a way and through an entity that is consistent with our state's constitution. We should carry out this responsibility now rather than prolong the unconstitutional existence of the Commission.

For these reasons, the following action should be taken:

1. This court should declare the existence of the Commission to be in irreconcilable conflict with Amendment 80 due to the unconstitutional exercise of judicial powers by an entity other than the courts and should dissolve the Commission, effective immediately;

2. To avoid the continued illegal exaction of the taxpayer money that funds the Commission, the General Assembly, which is in session at the time of this writing, should immediately terminate all funding of the Commission and its activities, as those funds are currently being spent in an unlawful manner. The General Assembly should take this action as a preventative measure even if this court fails to act timely on this issue;

3. The General Assembly should set aside those funds that have been or will be appropriated for use by the Commission, and designate that appropriation for use by a new and lawful entity to be created by this court under the judicial powers and by the superintending control over the courts of this state as granted to it by Amendment 80; and

4. This court should immediately begin the process of creating a constitutionally valid entity to replace the Commission that would oversee the ethical rules for judges and judicial candidates and compliance with such rules.

Upon the successful creation and funding of the new entity, Judge Brown and Judge Bailey should then be appointed to serve, along with other qualified persons, as members of the new entity.

Accordingly, I respectfully concur.