Cite as 2021 Ark. 126

# SUPREME COURT OF ARKANSAS

**No.** D-21-231

| | |
|---|---|
| ARKANSAS JUDICIAL DISCIPLINE AND DISABILITY COMMISSION<br><br>PETITIONER<br><br>V.<br><br>BARRY SIMS, CIRCUIT JUDGE<br>RESPONDENT | **Opinion Delivered** June 3, 2021<br><br>PETITIONER'S REPORT OF UNCONTESTED SANCTION |

**PER CURIAM**

The Arkansas Judicial Discipline and Disability Commission (Commission) has filed with this court its report of uncontested sanction pursuant to Arkansas Judicial Discipline and Disability Commission Rule 12(D) regarding complaints lodged against the Honorable Barry Sims of the Sixth Judicial District, Seventh Division. Based on certain misconduct, the Commission recommends that we suspend Judge Sims from his duties without pay for thirty days with an additional sixty days suspended on the condition that he perform certain remedial actions.

Judge Sims is a circuit court judge for Pulaski and Perry Counties in the Sixth Judicial District of Arkansas and has served in that capacity since 2003. Previously, he served as a district court judge in North Little Rock, Arkansas. In his judicial career, he has presided over criminal, civil, probate, and domestic-relations cases. The report of uncontested sanction arises from complaints filed with the Commission concerning Judge Sims's courtroom comments and conduct toward members of the Bar.

These matters were resolved without a formal disciplinary hearing. On advice of counsel, Judge Sims has agreed that the sanction of suspension is appropriate for his actions in JDDC case no. 19-264. The investigation panel approved the disposition and the regular members of the Commission approved the recommendation of suspension without pay for ninety days with sixty of those days held in abeyance for one year on the condition that Judge Sims complete or adhere to the following remedial measures:

1.      Attend a class on mindfulness, patience, or civility through the National Judicial College, National Center for State Courts or other reputable judicial training organization and provide proof of attendance no later than December 31, 2021;

2.      At his own expense, hire a counselor or life coach to help consult with him about how he treats professionals appearing in his court. Judge Sims or his representative must provide information to the JDDC about his cooperation and progress. No personal details need to be submitted;

3.      Have no more complaints that result in public charges or agreed discipline; and

4.      Be on notice that future complaints concerning intimidation, bullying, retaliation, or harassment will be investigated as the failure to learn and change from the remedial measures in this agreement will be included as evidence of intent and lack of mistake.

The issue before us is whether to accept the Commission's report and recommended sanction of suspension. Based upon a full review of the documents provided, this court issues a written opinion and judgment directing judicial disciplinary action as it finds just and proper. *See* Ark. Jud. Discipline & Disability Comm'n R. 12(E). We may accept, reject, or modify in whole or in part, the findings and recommendation of the Commission. *Id. See also Jud. Discipline & Disability Comm'n v. Simes*, 2009 Ark. 543, 354 S.W.3d 72. We review judicial discipline matters de novo and will not reverse the Commission's findings unless

2

they are clearly erroneous. *Jud. Discipline & Disability Comm'n v. Proctor*, 2010 Ark. 38, 360 S.W.3d 61.

After a full review of the documents provided, we accept the Commission's findings of fact and recommendation of suspension. The suspension shall be imposed as set forth in this opinion. It shall commence five days after this court issues its mandate, and the mandate shall issue immediately.

Order of suspension without pay imposed.

Order for the immediate issuance of the mandate.

It is so ordered.

WOMACK, J., dissenting.

**SHAWN A. WOMACK, Justice, dissenting.** Because the constitutional authority by which the Arkansas Judicial Discipline and Disability Commission was created ceased to exist after the passage of Amendment 80, I respectfully dissent from the court's decision to ratify the actions of an unconstitutional entity. *See In re Ark. Jud. Discipline & Disability Comm'n Appointments*, 2021 Ark. 27 (per curiam) (Womack, J., concurring).

I dissent.