Cite as 2022 Ark. 151

# SUPREME COURT OF ARKANSAS

No. D-22-478

|  |  |
|---|---|
| | **Opinion Delivered:** August 9, 2022 |
| ARKANSAS JUDICIAL DISCIPLINE AND DISABILITY COMMISSION  PETITIONER | PETITIONER'S REPORT OF UNCONTESTED SANCTION |
| V. | |
| DON BOURNE, POPE COUNTY DISTRICT COURT JUDGE  RESPONDENT | EXPEDITED PETITION GRANTED; ORDER OF SUSPENSION WITHOUT PAY IMPOSED. |

**PER CURIAM**

The Arkansas Judicial Discipline and Disability Commission filed a petition for expedited consideration and report of uncontested sanction following its investigation of complaints lodged against the Honorable Don Bourne, a Pope County District Court Judge. The Commission and Judge Bourne have agreed to recommend to this court a suspension without pay for ninety days, with seventy-five days held in abeyance for one year. Judge Bourne has also agreed to multiple remedial measures and that he will never again hold judicial office once his current term expires. We grant the petition, suspend Judge Bourne without pay, and order the additional conditions.

Judge Bourne has served as a district judge since 2001. Recently, several complaints have been filed against Judge Bourne involving his conduct toward unrepresented litigants. This conduct includes demeaning comments toward Spanish-speaking defendants and negative comments to defendants who are not from Pope County (Count 1). Other

complaints concerned Judge Bourne's failure to conduct proper indigency determinations and failure to keep adequate records (Count 2).

Judge Bourne did not contest either count and instead waived a formal disciplinary hearing and accepted the Investigatory Panel's recommended sanction. The Commission voted 8–0 to approve the Panel's recommended disposition on both counts. Because the sanction for Count 1 includes a suspension without pay, the Commission submitted its recommendation to this court for review on an expedited basis.[1] Ark. Jud. Discipline & Disability Comm'n R. 12(B) (providing for expedited consideration of Commission matters).

This court grants expedited consideration and now decides whether to accept the Commission's uncontested report and recommended sanction of suspension without pay. Ark. Jud. Discipline & Disability Comm'n R. 9(J) & 12(D). We can accept, reject, or modify, in whole or in part, the findings and recommendations of the Commission. *Id.* R. 12(G). We review judicial-discipline matters de novo. *Ark. Jud. Discipline & Disability Comm'n v. Sims*, 2021 Ark. 126, at 2. Having reviewed the documents provided, along with mitigating factors, we accept the Commission's findings of fact and recommendation of suspension.

We suspend Judge Don Bourne from the bench without pay for ninety days, with seventy-five of those days held in abeyance if he completes or adheres to the agreed remedial measures, including, but not limited to:

---

[1]Judge Bourne accepted a censure for Count 2, which is not before this court on review. The sanctions cover the following Commission case numbers: 21-125; 21-182; 21-184; 21-253; 21-257; 21-320; 21-323; 21-326; and 21-332.

- Spend the two-week suspension attending and observing other district court judges and write reflective reports on each visit;

- Obtain and maintain a digital-audio recorder in his courtrooms prior to the end of his suspension and preserve audio recordings of court proceedings;

- Allow the Commission to monitor his courtroom and allow access to staff and documents as needed;

- Attend an approved online judicial-ethics class; and

- Read a report and complete online training about bullying and harassment in the legal profession.

Additionally, Judge Don Bourne shall never again hold a judicial office after his current term expires. This court notes that in addition to the public signal that a suspension without pay sends, the suspension also imposes a financial penalty of several thousands of dollars in lost pay. The suspension will begin on August 16, 2022. The mandate shall issue immediately.

Expedited petition granted; order of suspension without pay imposed; mandate to issue immediately.

WOMACK, J., concurs.

**SHAWN A. WOMACK, Justice, concurring.** While I agree this matter should receive expedited consideration, and also agree to accept the sanctions outlined by this court, I write separately to again note that the passage of Amendment 80 rendered the Judicial Discipline and Disability Commission constitutionally invalid in its present form. *See In re Ark. Jud. Discipline & Disability Comm'n Appointments*, 2021 Ark. 27 (per curiam) (Womack, J., concurring). Accordingly, the discipline administered today can and should be

3

administered as part of the judicial power granted exclusively to this and other courts of this state by Amendment 80, and through a process designed and approved by us, rather than as a mere ratification of the actions of a defunct Commission.

I respectfully concur.