Cite as 2022 Ark. 175

# SUPREME COURT OF ARKANSAS
No. D-22-613

|  |  |
|---|---|
| | **Opinion Delivered:** October 5, 2022 |
| ARKANSAS JUDICIAL DISCIPLINE AND DISABILITY COMMISSION <br> PETITIONER | |
| | PETITIONER'S REPORT OF UNCONTESTED SANCTION |
| V. | |
| ROBIN CARROLL, CIRCUIT JUDGE <br> RESPONDENT | |
| | RECORD ORDERED TO BE FILED WITHIN FIFTEEN DAYS; ORDER OF SUSPENSION WITHOUT PAY IMPOSED. |

**PER CURIAM**

Petitioner Arkansas Judicial Discipline and Disability Commission ("Commission") has filed with this court its report of uncontested sanction pursuant to Arkansas Judicial Discipline and Disability Commission Rule 12(D) following its investigation of complaints lodged against respondent, Judge Robin Carroll of the Thirteenth Judicial Circuit. The Commission and Judge Carroll have agreed to recommend to this court a suspension without pay for ninety days, with thirty days held in abeyance for one year. Judge Carroll has also agreed to certain remedial measures. We order the Commission to file the record in this case within fifteen days and suspend Judge Carroll without pay pending our receipt and review of the record.

Judge Carroll is a circuit court judge for Division Four of the Thirteenth Judicial Circuit, which is composed of Calhoun, Cleveland, Columbia, Dallas, Ouachita, and Union Counties. He has served in that capacity since 2013. The report of uncontested sanction arises from complaints filed with the Commission concerning Judge Carroll's conduct, which the Commission found exhibited a disregard for legal procedures, failed to uphold the integrity of the judiciary, and undermined public confidence in the office of circuit court judge. Specifically, the Commission alleged in JDDC cases #21-284 and #22-192 that Judge Carroll dismissed cases on the basis of his actual bias against a particular deputy sheriff; attempted to exert improper influence over Arkansas Game and Fish Commission cases in other courts; and failed to competently and diligently manage his docket by canceling proceedings on numerous occasions without appropriate prior notice to the litigants, attorneys, witnesses, or law enforcement personnel involved. The Commission claimed that Judge Carroll's actions violated Rules 1.1, 1.2, 1.3, 2.2, 2.3, 2.4, 2.5, 2.6, 2.9, and 2.11 of the Arkansas Code of Judicial Conduct.

These cases were resolved without a formal disciplinary hearing. On advice of counsel, Judge Carroll agreed that a sanction of suspension is appropriate for his actions. The investigation panel approved this disposition, and the Commission unanimously approved the recommendation of suspension without pay for ninety days, with thirty of those days held in abeyance for one year on the condition that Judge Carroll complete or adhere to the following remedial measures:

- Any allegations of direct or indirect retaliation or harassment by Judge Carroll toward any of the officials or other witnesses the Commission interviewed in this case will be fully investigated and are grounds for the filing of a new complaint and/or the revocation of the suspension held in abeyance in this sanction;

- Any false or misleading comments in private or public forums about the basis for the agreement or the investigations would be a violation of this agreement;

- Allow the Commission monitors full access to courtrooms for proceedings, to records kept in his official capacity, and to the staff, as needed;

- Be subject to attendance checks at his office. This may include returning calls when asked or random visits by monitors to make sure he is working and is accessible to court personnel.

- Attend an online class presented by the National Judicial College on judicial ethics and docket management. Classes that would fulfill this requirement will be sent to his counsel by the Executive Director. He needs to attend and provide proof of his attendance within twelve months of today.

- Refrain from habits that caused some of the issues mentioned in the report, including needless absence from his chambers, overuse of his signature stamp, and failure to call the whole docket on the record.

Because the sanction includes a suspension without pay, the Commission submitted its recommendation to this court for expedited review. *See* Ark. Jud. Discipline & Disability Comm'n R. 12(B) (providing for expedited consideration of Commission matters).

This court grants the request for expedited consideration and now decides whether to accept the Commission's uncontested report and recommended sanction of suspension without pay. Ark. Jud. Discipline & Disability Comm'n R. 9(J) & 12(D). We may accept,

reject, or modify in whole or in part the findings and recommendations of the Commission. *Id.* R. 12(G). We review judicial discipline matters de novo. *Ark. Jud. Discipline & Disability Comm'n v. Sims*, 2021 Ark. 126, at 2.

While we have reviewed the uncontested report and recommended sanction, the Commission has not filed with this court the record containing the materials it used to prepare its recommendation. *See* Ark. Jud. Discipline & Disability Comm'n R. 12(D) (stating that the Supreme Court "shall review the record," along with the Commission's report and recommendations). Before deciding whether to accept the Commission's recommended sanction, we order the Commission to file the record in this matter within fifteen days. Due to the serious nature of the findings contained in the Commission's report, we suspend Judge Carroll from the bench without pay pending our receipt and review of the record, with the suspension to begin on October 10, 2022. The mandate is to issue immediately.

Expedited consideration granted; record ordered to be filed within fifteen days; order of suspension without pay imposed; mandate to issue immediately.

WOMACK, J., concurs without opinion.