Cite as 2022 Ark. 189

# SUPREME COURT OF ARKANSAS
**No.** D–22–613

| | |
|---|---|
| | **Opinion Delivered:** October 21, 2022 |
| ARKANSAS JUDICIAL DISCIPLINE AND DISABILITY COMMISSION                **PETITIONER** | |
| V. | PETITIONER'S REPORT OF UNCONTESTED SANCTION |
| ROBIN CARROLL, CIRCUIT JUDGE                **RESPONDENT** | |
| | <u>SUPPLEMENTAL RECORD ORDERED TO BE FILED UNDER SEAL</u>. |

**PER CURIAM**

Pending before this court is Petitioner Arkansas Judicial Discipline and Disability Commission's ("Commission's") report of uncontested sanction following its investigation of complaints lodged against respondent, Judge Robin Carroll of the Thirteenth Judicial Circuit. On October 5, 2022, we ordered the Commission to file the record in this case within fifteen days and suspended Judge Carroll without pay beginning on October 10, 2022. *Ark. Jud. Discipline & Disability Comm'n v. Carroll*, 2022 Ark. 175, ___ S.W.3d ___. Rather than filing the record as ordered, the Commission filed an amended report of uncontested sanction and request for expedited consideration on October 14, 2022, claiming that the only record the Commission can submit to this court is the "Letter of Sanction" and "Recommendation of Suspension Without Pay" that were filed with its initial report on September 30, 2022. According to the Commission, the investigatory

records and files developed during the course of its investigation of this matter are confidential under Arkansas Judicial Discipline and Disability Commission Rule 7. While Rule 7 may protect certain material from disclosure to the public, this court is not prohibited from reviewing this confidential information, as we are ultimately responsible for approving, modifying, or rejecting the Commission's recommended sanction. *See* Ark. Jud. Discipline & Disability Comm'n R. 12(D), (G). We therefore order the Commission to file forthwith the entire record compiled in this matter, including the investigative files, with this court. The material shall be filed under seal due to its confidential nature. If the complete record is not filed by October 24, 2022, at 4:00 p.m., the Commission may be ordered to appear and show cause as to why it should not be held in contempt of this court.

Supplemental record ordered to be filed under seal.

WOOD, J., dissents.

**RHONDA K. WOOD, Justice, dissenting.** This court must amend the Rules of the Arkansas Judicial Discipline and Disability Commission to address this court's need to have more information before making any final determination of sanctions. As currently written, Rule 7 gives the impression that the Commission's files will remain confidential absent one of the listed circumstances. And that impression certainly guides the Commission's current practice and judges' interactions with the Commission. And while this court has decided to exercise its judicial power to alter the current practice and order the files turned over, I don't think we should take that route in the middle of a case—especially when only two months ago we accepted an agreed suspension without ordering the same information. *See*

*Ark. Jud. Discipline & Disability Comm'n v. Bourne*, 2022 Ark. 151. I am troubled with treating the procedural process of these cases differently.

This court has final say both under the Rules and under Amendment 80 to determine the appropriate sanction for a violation of judicial ethics. But currently we do not see all relevant information to make that determination. A summary report does not provide enough information. I would therefore amend the Rules as much as they prevent this from happening. Otherwise, moving forward, if this court is uncomfortable with future reports of uncontested sanctions, we should reject the agreed sanction as the Rules provide and require the Commission to produce a full record after hearing testimony and accepting documentary evidence.