Cite as 2025 Ark. 2

# SUPREME COURT OF ARKANSAS
**No.**

| | |
|---|---|
| IN RE ARKANSAS JUDICIAL DISCIPLINE AND DISABILITY COMMISSION | **Opinion Delivered:** January 6, 2025 |

## PER CURIAM

The Arkansas Constitution establishes "a Judicial Discipline and Disability Commission . . . comprised of nine persons" and charges "the Supreme Court" with responsibility for appointing "three justices or judges" to that Commission. Ark. Const. amend. 66(a). Statutes implementing that provision similarly provide that "[t]hree (3) members" of the Judicial Discipline and Disability Commission ("JDDC") "shall be judges of the Arkansas Court of Appeals, circuit court, or municipal court appointed by the Arkansas Supreme Court." Ark. Code Ann. § 16-10-402(a)(1). Thus, the Arkansas Constitution and Arkansas statutory law clearly vest the Supreme Court as a whole with the responsibility for appointing three judges to the JDDC, and long-standing custom and practice confirm that we have acted accordingly. *See, e.g.*, *In re Judicial Discipline & Disability Comm'n*, 2018 Ark. 131 (per curiam).

Pursuant to that authority, the court hereby (1) reappoints Circuit Judge Earnest Brown of Pine Bluff to the JDDC; (2) appoints Circuit Judge Thomas Smith of Bentonville to the JDDC, replacing Court of Appeals Judge Cindy Thyer; and (3) appoints Circuit Judge Troy Braswell of Conway to the JDDC, replacing former Circuit Judge Mark Lindsay. The court expresses its gratitude to Judge Thyer and Judge Lindsay for their service.

Normally, that would end the matter, but here another loose end remains. Despite the clear constitutional and statutory authority above, at 12:15 a.m., 12:20 a.m., and 12:25 a.m. on January 1, 2025, the Chief Justice purported to unilaterally appoint three other individuals to the JDDC. The Chief Justice did not notify, let alone consult, the court about those purported appointments, and the Chief Justice did not cite any provision granting her the unilateral authority to make such appointments. Nor does any such authority exist.

Indeed, the only statutory provision the court has identified allowing the Chief Justice to autonomously appoint members to the JDDC does not apply here. *See* Ark. Code Ann. § 16-10-402(c). That provision applies only "[i]f a commission member or an alternate commission member moves out of the jurisdiction, ceases to be eligible for appointment to represent the category for which he or she was appointed, or becomes unable to serve for any reason, a vacancy shall occur" and "the appropriate appointing authority" fails to act within "sixty (60) days from the occurrence of the vacancy." Ark. Code Ann. § 16-10-402(c). In that situation, the statute provides some authority for the Chief Justice of the Supreme Court to make appointments. *Id.*

In other words, under that provision, the Chief Justice is authorized to make unilateral appointments only in a very narrow set of circumstances—that is, when a vacancy

2

occurs *midterm* due to a commission member's move or change in status (i.e., a judge retires and is no longer eligible to serve as a judge member), or the commission member otherwise becomes unable to serve, and only then if the appointing authority has failed to timely act. That the statute applies only in those narrow circumstances is clear both from its explicit reference to the unilateral appointment of a member who will serve "for the duration of the unexpired term" and its list of events that would render an appointee unable to serve.[1]

None of those circumstances apply here, and the statute does not authorize the Chief Justice to act unilaterally. First, Judge Brown's current term expired by operation of law, and a replacement had not yet been appointed. There was therefore no midterm vacancy that rendered him unable to serve, and the statute authorizing the Chief Justice to act on her own does not apply. Second, Judge Thyer's term similarly expired by operation of law, and her replacement had not yet been appointed. And while—unlike Judge Brown—Judge Thyer was not eligible for reappointment because she had already served two complete terms,[2] that does not affect the analysis since her position was open due to the conclusion

---

[1]The catchall phrase "or becomes unable to serve for any reason" does not change the analysis. Instead, "pursuant to the doctrine of *ejusdem generis*, when general words follow specific words in a statutory enumeration the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *State v. Oldner*, 361 Ark. 316, 327, 206 S.W.3d 818. 822 (2005); *accord* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 199 (2012) ("The *ejusdem generis* canon applies when a drafter has tacked on a catchall phrase at the end of an enumeration of specifics, as in *dogs, cats, and other animals*. . . . It implies the addition of *similar* after the word *other*." (emphasis in original).) As such, that phrase merely encompasses similar midterm events.

[2]Ark. Jud. Discipline & Disability Comm'n R. 1(C); Ark. Code Ann. § 16-10-402(b).

of her JDDC term. And third, Judge Lindsay left the bench at the expiration of his term as a circuit judge on December 31, 2024. He consequently "cease[d] to be eligible for appointment to represent the category for which he or she was appointed"—that is, as a judge appointee. And at that point, a midterm vacancy occurred. Therefore, the appointing authority (again, the Supreme Court as a whole) had sixty days to appoint his replacement, and the Chief Justice was authorized to make an appointment only if this court failed to act within that time frame. Yet the Chief Justice waited a mere twenty minutes before purporting to reappoint the now constitutionally ineligible Judge Lindsay to the same JDDC position that he had just vacated due to that same constitutional ineligibility. Those unilateral appointments are void *ab initio*.

★ ★ ★ ★

The Chief Justice's unilateral, purported appointments conflict with the plain text of our constitution and the statutes adopted by the General Assembly. The appointments are void *ab initio*. And pursuant to Amendment 66 and the statutes enacted by the General Assembly, the court reappoints Judge Brown to a term expiring June 30, 2030; appoints Judge Smith to a term expiring June 30, 2030; and appoints Judge Braswell to a term expiring June 30, 2029, effective immediately.

WOMACK, J., concurs.

BAKER, C.J., concurs in part (Circuit Judges Earnest Brown and Thomas Smith) and dissents in part (Circuit Judge Troy Braswell).

HUDSON, J., not participating.

4

**SHAWN A. WOMACK, Justice, concurring.** While I join the per curiam, I still assert that the Judicial Discipline and Disability Commission is unconstitutional as it is currently structured. For the reasons stated in *In re Arkansas Judicial Discipline & Disability Commission Appointments*, 2021 Ark. 27, at 3 (per curiam) (Womack, J., concurring), and pursuant to amendments 66 and 80 of the Arkansas Constitution, I respectfully concur.